IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
(Alexandria Division)

| | |
|---|---|
| **Pregis Corporation,** <br> *a Delaware Corporation* <br><br>     **Plaintiff** <br><br>     **v.** <br><br> **John J. Doll,**  (*in his official capacity* <br> *as Acting Undersecretary of Commerce for* <br> *Intellectual Property and Acting* <br> *Director of the United States* <br> *Patent and Trademark Office*; <br> **United States Patent and** <br> **Trademark Office**; <br> and **Free-Flow Packaging** <br> **International, Inc.** <br> *a Delaware Corporation* <br><br>     **Defendants** | **Civil Action No. 1:09cv00467** <br> **GBL-IDD** |

FREE-FLOW-PACKAGING INTERNATIONAL, INC.'s
ANSWER TO THE FIRST  AMENDED COMPLAINT
AND COUNTERCLAIM

Defendant and Counter-Plaintiff, FREE-FLOW PACKAGING INTERNATIONAL, INC.

("FPI"), by and through its attorneys, BANNER & WITCOFF, LTD., and for its Answer to the

Plaintiff PREGIS CORPORATION's ("Pregis'") Complaint, alleges as follows:

## PARTIES AND JURISDICTION

1.      Pregis Corporation ("Pregis") is a corporation organized and existing under the

laws of Delaware, having its principal place of business in Deerfield, Illinois.

RESPONSE:   FPI is without knowledge or information sufficient to form a belief as to

the truth of the allegations in this paragraph.

2.      On information and belief, defendant John J. Doll ("Doll") is Acting Undersecretary of

Commerce for Intellectual Property and Acting Director of the United States Patent and Trademark

Office, having his principal place of business in Alexandria, Virginia.

RESPONSE:   Admitted.

3.      On information and belief, defendant United States Patent and Trademark Office

("PTO") is an agency of the United States, within the Department of Commerce, having its principal

place of business in Alexandria, Virginia.

RESPONSE:   Admitted.

4.      On information and belief, defendant Free-Flow Packaging International, Inc. ("FPI")

is a corporation organized and existing under the laws of Delaware, having its principal place of

business in Redwood City, California.

RESPONSE:   Admitted.

5.      This action arises under Article I, § 8, cl. 8 of the United States Constitution, the

Patent Act of 1952, as amended, 35 U.S.C. §§ 1-376, and the Administrative Procedure Act, 5

U.S.C. §§ 701-706.

RESPONSE:  FPI admits only that the Complaint purports to present an action arising under Article I, § 8, cl. 8 of the United States Constitution, the Patent Act of 1952, as amended, 35 U.S.C. §§ 1-376, and the Administrative Procedure Act, 5 U.S.C. §§ 701-706 and denies all other allegations of this paragraph.

6. The Court has subject matter jurisdiction to hear this action under 28 U.S.C. §§1331 and 1338(a).

RESPONSE:  FPI admits only that the Court has subject matter jurisdiction to hear Plaintiff's claims for declaratory judgment of patent non-infringement and patent invalidity under 28 U.S.C. § 2201 and denies all other allegations of this paragraph.

## FIRST CLAIM FOR RELIEF

7. On or about October 4, 2007, non-parties Gunter G. Fuss ("Fuss") and Vladimir Yampolsky ("Yampolsky") filed United States Application Serial No. 11/867,032 (the "Fuss '032 Application") seeking issuance of a patent for an alleged invention entitled "System for Making Pneumatically Filled Packing Cushions" (the "Alleged Fuss Invention").

RESPONSE:  FPI admits only that on or about October 4, 2007, non-parties Gunter G. Fuss ("Fuss") and Vladimir Yampolsky ("Yampolsky") filed United States Application Serial No. 11/867,032 (the "Fuss '032 Application") seeking issuance of a patent on an invention and denies all other allegations of this paragraph.

8. In support of the Fuss '032 Application, Messrs. Fuss and Yampolsky submitted a sworn declaration in which they stated that they "believe[d]" that they were the "original, first and joint inventor[s] of the subject matter which is claimed and for which a patent is sought on the invention entitled SYSTEM, METHOD AND MATERIAL FOR MAKING PNEUMATICALLYFILLED PACKING CUSHIONS, the specification of which was filed on

January 17, 2001, as Application Serial No. 09/765, 064."

RESPONSE:  Admitted.

9.      On information and belief, Messrs. Fuss and Yampolsky assigned the subject matter of

the Fuss '032 Application to defendant FPI on March 20, 2001.

RESPONSE:  Admitted.

10.      On information and belief, attorneys or agents of defendant FPI prosecuted the Fuss

'032 Application before defendant PTO, in part by transmitting papers to the PTO in Alexandria,

Virginia, and soliciting agency action by the PTO.

RESPONSE:   FPI admits only that attorneys or agents of defendant FPI prosecuted the Fuss '032

Application before defendant PTO, in part by transmitting papers to the PTO in Alexandria, Virginia

and denies all other allegations of this paragraph.

11.      On or about February 25, 2009, defendant PTO issued a Notice of Allowance (the

"Fuss '032 Notice of Allowance") with respect to the Fuss '032 Application.

RESPONSE:  Admitted.

12.      The Fuss '032 Notice of Allowance marked the consummation of the PTO's decision-

making process with respect to the Fuss '032 Application.

RESPONSE:  No response is required at this time in view of FPI's pending motion to dismiss and to

strike this allegation; however, if any response is required, all allegations of this paragraph are

denied.

13.      The issuance of the Fuss '032 Notice of Allowance was an agency action that

purported to determine legal rights of defendant FPI and of the public, including Pregis, with respect

to the subject matter disclosed and claimed in the Fuss '032 Application.

RESPONSE:  No response is required at this time in view of FPI's pending motion to dismiss and to

strike this allegation; however, if any response is required, all allegations of this paragraph are denied.

14.     The issuance of the Fuss '032 Notice of Allowance was an agency action from which legal consequences would flow, namely, the issuance to FPI of U.S. Patent No. 7,526,904 B2 on May 5, 2009 (the "Fuss '904 Patent") for the alleged "invention" disclosed and pointed out by the allowed claims in the Fuss '032 Application.

RESPONSE:   No response is required at this time in view of FPI's pending motion to dismiss and to strike this allegation; however, if any response is required, all allegations of this paragraph are denied.

15.     The issuance of the Fuss '032 Notice of Allowance was arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law as set forth below.

RESPONSE:   No response is required at this time in view of FPI's pending motion to dismiss and to strike this allegation; however, if any response is required, all allegations of this paragraph are denied.

16.     The issuance of the Fuss '904 patent was arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law as set for the below.

RESPONSE:   No response is required at this time in view of FPI's pending motion to dismiss and to strike this allegation; however, if any response is required, all allegations of this paragraph are denied.

17.     On information and belief, during its examination of the Fuss '032 Application, defendant PTO did not undertake to determine whether the subject matter disclosed and claimed in the Fuss '032 Application constituted an "invention" of "inventors" as distinct from subject matter whose conception and making was within the grasp of a person having ordinary skill in the art to

4

which the claimed subject matter pertained.

RESPONSE:  Denied.

18.    On information and belief, during its examination of the Fuss '032 Application, defendant PTO did not identify any problem that confronted Fuss and Yampolsky at the time they first made the Alleged Fuss Invention.

RESPONSE:  FPI is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies same.

19.    On information and belief, during its examination of the Fuss '032 Application, defendant PTO did not make any inquiry into the degree of skill that may have been needed to solve any problem that confronted Fuss and Yampolsky at the time of their purported "invention" of the Alleged Fuss Invention of the subject matter disclosed and claimed in the Fuss '032 Application.

RESPONSE:  Denied.

20.    On information and belief, defendants Doll and PTO erroneously and improperly presumed that Fuss and Yampolsky were "inventors" and, as such, purportedly were presumptively entitled to patent protection for the Alleged Fuss Invention based on the mere act of filing the Fuss '032 Application.

RESPONSE: Denied.

21.    On information and belief, defendants Doll and PTO issued the Fuss '032 Notice of Allowance on the basis, in whole or in part, of an erroneous supposition that the PTO is purportedly required to allow patent application claims that recite any novel machine or manufacture unless the PTO locates and produces evidence that establishes a so-called "prima facie case of obviousness."

RESPONSE:  Denied.

22.    According to the Fuss '032 Notice of Allowance, defendant PTO allowed the claims

made in the Fuss '032 Application, as amended, because in the opinion of an individual Examiner, "the prior art of record fail[ed] to disclose the claimed apparatus" or "fail[ed] to disclose" certain elements recited in the claims.

RESPONSE: FPI admits only that the Notice of Allowability under the heading "Reasons for Allowance" states that the prior art of record fails to disclose the claimed apparatus for making air – filled packing cushions including certain identified elements of independent claims 1, 4 and 10 and denies all other allegations of this paragraph.

23.     The "reasons for allowance" stated in the Fuss '032 Notice of Allowance do not constitute any competent, adequate, or legally sufficient basis on which defendants Doll or PTO could reasonably conclude that the allowed claims in the Fuss '032 Application are limited to "nonobvious subject matter" within the meaning of 35 U.S.C. § 103(a).

RESPONSE: Denied.

24.     Defendants Doll and PTO have failed to discharge their statutory duty, under 35 U.S.C. § 131, to examine and determine whether the claims made in the Fuss '032 Application satisfy the nonobvious subject matter condition for patentability set forth in 35 U.S.C. § 103(a).

RESPONSE:  Denied.

25.     By their action issuing the Fuss '904 Patent to FPI, defendants Doll and PTO have wrongfully and unlawfully granted FPI and its assigns a purported legal right to exclude Pregis from making, using, offering for sale, or selling subject matter that, in truth and in fact, Pregis has a federal right to make and sell under federal patent law, common law, or both.

RESPONSE:  Denied.

26.     The conduct of defendants threatens to cause injury to Pregis that is concrete, particularized, and imminent.

6

RESPONSE:  Denied.

27.     Pregis and FPI are direct competitors in the business of making and selling air cushion products and apparatus of the general type disclosed in the Fuss '032 Application and the Fuss '904 Patent.

RESPONSE:  Admitted.

28.     On information and belief, defendant FPI prosecuted the Fuss '032 Application and solicited the Fuss '904 Patent with intent to try and set up a claim on the business and assets of Pregis.

RESPONSE:  Denied.

29.     FPI has demanded that Pregis pay FPI millions of dollars and a running royalty of 12% on sales of Pregis-manufactured air cushion packaging products, in consideration of a "license" to make and sell subject matter disclosed and claimed in, among other things, the Fuss '032 Application and the Fuss '904 Patent.

RESPONSE:  FPI admits only that FPI offered to license Pregis under claims of the Fuss '032 Application that would ultimately issue as a U.S. patent and denies all other allegations of this paragraph.

30.     FPI has repeatedly and explicitly threatened to sue Pregis for alleged infringement of the patent that defendants Doll and the PTO have since issued as the Fuss '904 Patent, if Pregis does not agree to pay for a "license" to make and sell subject matter disclosed and claimed in, among other things, the Fuss '032 Application and the Fuss '904 Patent.

RESPONSE:  Denied.

31.     The Fuss '904 Patent operates, of its own force, to reduce the value of Pregis' business and property and to impair the marketability of Pregis air cushion products.

RESPONSE:  Denied.

32.  The Fuss '904 Patent operates, of its own force, to infringe, impair, and violate Pregis'

federal right to make and use subject matter that federal patent law, including 35 U.S.C. § 103(a),

leaves in the public domain.

RESPONSE:  Denied.

33.  The conduct of Doll and PTO has caused and continues to cause injury to Pregis for

which Pregis has no adequate remedy in a court, apart from this judicial review action.

RESPONSE:  No response is required at this time in view of FPI's pending motion to dismiss and

to strike this allegation; however, if any response is required, all allegations of this paragraph are

denied.

34.  Because of the conduct of Doll and PTO, Pregis is adversely affected and aggrieved

within the meaning of the Patent Act and other federal law.

RESPONSE:  No response is required at this time in view of FPI's pending motion to dismiss and

to strike this allegation; however, if any response is required, all allegations of this paragraph are

denied

35.  Under 5 U.S.C. §§ 702 and 706, Pregis is entitled to judgment holding unlawful, and

setting aside, the actions of Doll and PTO in issuing the Fuss '032 Notice of Allowance and the

Fuss '904 Patent in its current form.

RESPONSE:  No response is required at this time in view of FPI's pending motion to dismiss and

to strike this allegation; however, if any response is required, all allegations of this paragraph are

denied

36.  An actual controversy exists between Pregis and FPI concerning whether Pregis, or

Pregis vendees, have infringed or are infringing the Fuss '904 Patent by making, using, or selling

Pregis-manufactured air cushion products.

RESPONSE:  Admitted.

37.    Under 28 U.S.C. § 2201(a), Pregis is entitled to judgment declaring that making, using, or selling Pregis-manufactured air cushion products does not infringe the Fuss '904 Patent, at least because that patent is wholly or partially invalid.

RESPONSE:  Denied.

38.    Under 28 U.S.C. § 1331, Pregis is entitled to an injunction restraining FPI from maintaining patent protection for subject matter that Pregis has a federal right to use under Article I, § 8, cl. 8 of the Constitution, the Patent Act of 1952, as amended or common law.

RESPONSE:  No response is required at this time in view of FPI's pending motion to dismiss and to strike this allegation; however, if any response is required, all allegations of this paragraph are denied.

39.    Under 28 U.S.C. § 2201(a), Pregis is entitled to judgment declaring that Pregis is not liable to FPI for infringement of the Fuss '904 Patent.

RESPONSE:  Denied.

## SECOND CLAIM FOR RELIEF

40.    Paragraphs 1-39, above, are realleged and incorporated by reference as if set forth in full.

RESPONSE:  FPI realleges and incorporates by reference as if set forth in full its responses to paragraphs 1-39 above.

41.    Allowed claim 10 of the Fuss '032 Application (now claim 10 of the Fuss '904 Patent) describes an apparatus for making air-filled packing cushions, each and every one of whose recited elements is disclosed in U.S. Patent No. 3,660,189 to Troy ("Troy").

RESPONSE:  Denied.

42.    With reference to allowed claim 10 of the Fuss '032 Application (now claim 10 of the

Fuss '904 Patent), Troy discloses "[a]n apparatus for making air-filled packing cushions from a

preconfigured plastic film material having a plurality of cushion chambers and a longitudinally

extending channel near an edge portion of the film material," namely, the apparatus disclosed in Troy

Figures 31, 32, and 44 for making air-filled packing cushions (e.g., air cells 320) from a

preconfigured plastic film material having a plurality of cushion chambers (e.g., the preconfigured

plastic film material disclosed in Troy Figure 13) and a longitudinally extending channel near an

edge portion of the film material (e.g., longitudinally extending access channel 85).

RESPONSE:  FPI admits only that Troy discloses in Troy Figure 44 air cells 320 and that Troy

Figure 13 discloses two film sheets with margin seals, cross seals and cross channels having a

longitudinal access channel 85 and denies all other allegations of this paragraph.

43.    With reference to allowed claim 10 of the Fuss '032 Application (now claim 10 of the

Fuss '904 Patent), Troy discloses "a feed mechanism for engaging an edge portion of the material

near the longitudinally extending channel and feeding the film material along a path," namely, the

wheel 187 and ring 190 disclosed in Troy Figure 31 and the discs 304, 311 and the tape strands 302,

303 disclosed in Troy Figure 44..

RESPONSE:  FPI admits only that Troy discloses in Troy Figure 44 discs 304, 311 and tape

strands 302, 303 and that Troy Figure 31 discloses wheel 187 and ring 190 and denies all other

allegations of this paragraph.

44. With reference to allowed claim 10 of the Fuss '032 Application (now claim 10 of the

Fuss '904 Patent), Troy discloses "an elongate guide member adapted to be inserted into the

longitudinally extending channel for guiding the film material as it is fed along the path," namely, the

pipe 186 disclosed in Troy Figures 31, 32, and 34.

RESPONSE:  FPI admits only that Troy discloses in Troy Figures 31, 32 and 34 pipe 186 and

denies all other allegations of this paragraph.

     45.     With reference to allowed claim 10 of the Fuss '032 Application (now claim 10 of

the Fuss '904 Patent), Troy discloses "wherein the guide member has an injector for injecting

inflation gas into the cushion chambers," namely, the slots 194 facing the center of the prefab

disclosed in Troy Figures 32 and 34.

RESPONSE:  FPI admits only that Troy discloses in Troy Figure 32 slots 194 facing the center of

the prefab and that Troy Figure 34 discloses slots 194 and denies all other allegations of this

paragraph.

     46.     With reference to allowed claim 10 of the Fuss '032 Application (now claim 10 of the

Fuss '904 Patent), Troy discloses "a sealing mechanism for forming a longitudinally extending seal

to close the chambers and trap inflation gas therein," namely, the tapes 191 and rings 190 disclosed

in Troy Figure 31 and the sealing structures disclosed in Troy Figure 44.

RESPONSE:  FPI admits only that Troy discloses in Troy Figure 31 tape strands 191 and rings

190 and denies all other allegations of this paragraph.

     47.     With reference to allowed claim 10 of the Fuss '032 Application (now claim 10 of the

Fuss '904 Patent), Troy discloses "wherein the sealing mechanism comprises a source of heat,"

namely, the heater rolls 200 disclosed in Troy Figures 31 and 32 and heater rolls 309, 314 disclosed

in Troy Figure 44.

RESPONSE:  FPI admits only that Troy discloses in Troy Figures 31 and 32 heater roll 200 and

that Troy Figure 44 discloses heater rolls 309, 314 and denies all other allegations of this

paragraph.

48.   With reference to allowed claim 10 of the Fuss '032 Application (now claim 10 of the Fuss '904 Patent), Troy discloses "a pair of belts which engage the film material," namely, the tape strands 302, 303 disclosed in Troy Figure 44.

RESPONSE:   FPI admits only that Troy discloses in Troy Figure 44 tape strands 302, 303 and denies all other allegations of this paragraph.

49.   With reference to allowed claim 10 of the Fuss '032 Application (now claim 10 of the Fuss '904 Patent), Troy discloses "wherein heat is delivered from the source of heat through at least one of the belts to the film material," namely, the heat from heater rolls 309, 314 is delivered through tape strands 302, 303 to prefabricated film material 300, 301 in Troy Figure 44.

RESPONSE:   FPI admits only that Troy discloses in Troy Figure 44 heater rolls 309, 314, tape strands 302, 303 and film sheets 300, 301 and denies all other allegations of this paragraph.

50.   With reference to allowed claim 10 of the Fuss '032 Application (now claim 10 of the Fuss '904 Patent), Troy discloses "a slitting mechanism for slitting the film material along the longitudinally extending channel," namely, the knife 195 disclosed in Troy Figures 32 and 34.

RESPONSE:   FPI admits only that Troy discloses in Troy Figures 32 and 34 knife 195 and denies all other allegations of this paragraph.

51.   Whether or not the Fuss '032 Application discloses any subject matter that could properly have been deemed, following examination, to be an "invention" or "nonobvious subject matter," at least claim 10 of the Fuss '032 Application (now claim 10 of the Fuss '904 Patent) was worded so broadly as to leave no difference whatsoever between the subject matter sought to be patented and the prior art.

RESPONSE:   Denied.

52.   Allowed claims 4 and 6 of the Fuss '032 Application (now claims 4 and 6 of the

Fuss '904 Patent) are worded so broadly as to leave, at best, trivial differences between the subject matter described by those claims and the expired Troy patent disclosure.

RESPONSE:  Denied.

53.  Because one or more claims of the Fuss '904 Patent fail to satisfy the nonobvious subject matter condition for patentability set forth in 35 U.S.C. § 103(a), Doll and PTO had no statutory authority to issue the Fuss '904 Patent.

RESPONSE: Denied

54.  The conduct of Doll and PTO has caused and continues to cause injury to Pregis for which Pregis has no adequate remedy in a court, apart from this judicial review action.

RESPONSE:  No response is required at this time in view of FPI's pending motion to dismiss and to strike this allegation; however, if any response is required, all allegations of this paragraph are denied

55.  Because of the conduct of doll and PTO, Pregis is adversely affected and aggrieved within the meaning of the Patent Act and other federal law.

RESPONSE:  No response is required at this time in view of FPI's pending motion to dismiss and to strike this allegation; however, if any response is required, all allegations of this paragraph are denied

56.  Under 5 U.S.C. §§ 702 and 706, Pregis is entitled to judgment holding unlawful, and setting aside, the actions of Doll and PTO in issuing the Fuss '032 Notice of Allowance and the Fuss '904 in its current form.

RESPONSE:  No response is required at this time in view of FPI's pending motion to dismiss and to strike this allegation; however, if any response is required, all allegations of this paragraph are denied

57.     An actual controversy exists between Pregis and FPI concerning whether Pregis, or Pregis vendees, have infringed or are infringing the Fuss '904 Patent by making, using, or selling Pregis-manufactured air cushion products.

RESPONSE:  Admitted.

58.     Under 28 U.S.C. § 2201(a), Pregis is entitled to judgment declaring that making, using, or selling Pregis-manufactured air cushion products does not infringe the Fuss '904 Patent, at least because that patent is wholly or partially invalid.

RESPONSE:  Denied.

59.     Under 28 U.S.C. § 1331(a), Pregis is entitled to an injunction restraining FPI from maintaining patent protection for subject matter that Pregis has a federal right to use under Article I, § 8, cl. 8 of the Constitution, the Patent Act of 1952, as amended, or common law.

RESPONSE:  No response is required at this time in view of FPI's pending motion to dismiss and to strike this allegation; however, if any response is required, all allegations of this paragraph are denied

60.     Under 28 U.S.C. § 2201(a), Pregis is entitled to judgment declaring that Pregis is not liable to FPI for infringement of the Fuss '904 Patent.

RESPONSE:  Denied.

## THIRD CLAIM FOR RELIEF

61.     Paragraphs 1-60, above, are realleged and incorporated by reference as if set forth in full.

RESPONSE:  FPI realleges and incorporates by reference as if set forth in full its responses to paragraphs 1-60 above.

62.     The Alleged Fuss Invention was originally patented to FPI under U.S. Patent No.

6,782,022 issued September 7, 2004.

RESPONSE:  Denied.

63.  By the Fuss '032 Application, Fuss and Yampolsky and their assignee, FPI, sought to re-patent the same alleged "invention" as was previously patented under U.S. Patent No. 6,786,022.

RESPONSE:  Denied.

64.  The subject matter claimed in the Fuss '904 Patent is inseparably involved in the matter embraced in U.S. Patent No. 6,786,022.

RESPONSE:  Denied.

65.  The subject matter claimed in the Fuss '904 Patent is not distinctly different and independent from that covered by U.S. Patent No. 6,786,022.

RESPONSE:  Denied.

66.     The subject matter claimed in the Fuss '904 Patent is not substantially different from that comprehended in U.S. Patent No. 6,786,022.

RESPONSE:  Denied.

67.  The subject matter claimed in the Fuss '904 Patent   is not essentially distinct and separable from the invention covered by U.S. Patent No. 6,786,022 and the claims made thereunder.

RESPONSE:  Denied.

68.  Under 35 U.S.C. § 101 and long-standing Supreme Court precedent, defendants Doll and PTO have no statutory authority to issue more than one patent for any one "invention."

RESPONSE:  No response is required at this time in view of FPI's pending motion to dismiss and to strike this allegation; however, if any response is required, all allegations of this paragraph are denied.

69.     Because the Fuss '032 Application discloses and claims the same Alleged Fuss

Invention that was previously patented under U.S. Patent No. 6,786,022, Doll and PTO had and have

no statutory authority to issue a patent on the Fuss'904 Patent.

RESPONSE:  Denied.

70.     The conduct of Doll and PTO has caused and continues to cause injury to Pregis for

which Pregis has no adequate remedy in a court, apart from this judicial review action.

RESPONSE:  No response is required at this time in view of FPI's pending motion to dismiss and

to strike this allegation; however, if any response is required, all allegations of this paragraph are

denied

71.     Because of the conduct of Doll and PTO, Pregis is adversely affected and aggrieved

within the meaning of the Patent Act and other federal law.

RESPONSE:  No response is required at this time in view of FPI's pending motion to dismiss and

to strike this allegation; however, if any response is required, all allegations of this paragraph are

denied

72.     Under 5 U.S.C. §§ 702 and 706, Pregis is entitled to judgment holding unlawful, and

setting aside, the actions of  Doll and PTO in issuing the Fuss '032 Notice of Allowance and the Fuss

'904 Patent in its current form.

RESPONSE   No response is required at this time in view of FPI's pending motion to dismiss and to

strike this allegation; however, if any response is required, all allegations of this paragraph are

denied

73.     An actual controversy exists between Pregis and FPI concerning whether Pregis, or

Pregis vendees, have infringed or are infringing the Fuss '904 Patent by making, using, or selling

Pregis-manufactured air cushion products.

RESPONSE:  Admitted.

74.     Under 28 U.S.C. § 2201(a), Pregis is entitled to judgment declaring that making, using or selling Pregis-manufactured air cushion products does not infringing the Fuss '904 Patent, at least because that patent is wholly or partially invalid.

RESPONSE:  Denied.

75.     Under 28 U.S.C. § 1331, Pregis is entitled to an injunction restraining FPI from maintaining-patent protection for subject mater that Pregis has a federal right to use under Article I, § 8, cl. 8 of the constitution, the Patent Act of 1952, as amended, or common law.

RESPONSE:   No response is required at this time in view of FPI's pending motion to dismiss and to strike this allegation; however, if any response is required, all allegations of this paragraph are denied

76.     Under 28 U.S.C. § 2201(a), Pregis is entitled to judgment declaring that Pregis is not liable to FPI for infringement of the Fuss '904 Patent.

RESPONSE:  Denied.

## FOURTH CLAIM FOR RELIEF

77.     Paragraphs 1-76, above, are realleged and incorporated by reference as if set forth in full.

RESPONSE:   FPI realleges and incorporates by reference as if set forth in full its responses to paragraphs 1-76 above.

78.     On or about July 22, 2005, non-parties Andrew Perkins, Oliver M. Reyes, Phillipp Borchard, and Nicholas P. De Luca (collectively, "Perkins et al.") filed United States Application Serial No. 11/186,820 (the "Perkins '820 Application") seeking issuance of a patent for an alleged invention entitled "Apparatus for Inflating and Sealing Pillows in Packaging Cushions" (the "Alleged

Perkins Invention").

RESPONSE: FPI admits only that on or about July 22, 2005, non-parties Andrew Perkins, Oliver M. Reyes, Phillipp Borchard, and Nicholas P. De Luca (collectively, "Perkins et al.") filed United States Application Serial No. 11/186,820 (the "Perkins '820 Application") seeking issuance of a patent on an invention and denies all other allegations of this paragraph.

79.     In support of the Perkins '820 Application, Perkins et al. submitted a sworn declaration in which they stated that they "believe[d]" that they were the "original, first and joint inventors]... of the subject matter which is claimed, and for which a patent is sought on the invention entitled: "Methods and Apparatus for Inflating and Sealing Pillows in Packaging."

RESPONSE: Admitted.

80.     On information and belief, Perkins et al. assigned ownership of the subject matter of the Perkins '820 Application to Novus Packaging Corporation on November 10, 1999, which subsequently assigned ownership of the subject matter of the Perkins '820 Application to defendant FPI on May 15, 2001.

RESPONSE: Admitted.

81. On information and belief, attorneys or agents of defendant FPI prosecuted the Perkins '820 Application before defendant PTO, in part by transmitting papers to the PTO in Alexandria, Virginia, and soliciting agency action by the PTO.

RESPONSE: FPI admits only that attorneys or agents of defendant FPI prosecuted the Perkins '820 Application before defendant PTO, in part by transmitting papers to the PTO in Alexandria, Virginia and denies all other allegations of this paragraph.

82.     On or about April 2, 2009, defendant PTO issued a Notice of Allowance (the "Perkins '820 Notice of Allowance") with respect to the Perkins '820 Application.

RESPONSE:  Admitted.

83.      The Perkins '820 Notice of Allowance marked the consummation of the PTO's

decision-making process with respect to the Perkins '820 Application.

RESPONSE:  No response is required at this time in view of FPI's pending motion to dismiss and

to strike this allegation; however, if any response is required, all allegations of this paragraph are

denied.

84.      The issuance of the Perkins '820 Notice of Allowance was an agency action that

purported to determine legal rights of defendant FPI and of the public, including Pregis, with

respect to the subject matter disclosed and claimed in the Perkins '820 Application.

RESPONSE:  No response is required at this time in view of FPI's pending motion to dismiss and

to strike this allegation; however, if any response is required, all allegations of this paragraph are

denied.

85.       The issuance of the Perkins '820 Notice of Allowance was an agency action from

which legal consequences would flow, namely, the issuance to FPI of U.S. Patent No. 7,536,837

B2 on May 26, 2009 (the "Perkins '837 Patent") for the alleged "invention" disclosed and

pointed out by the allowed claims in the Perkins '820 Application.

RESPONSE:  No response is required at this time in view of FPI's pending motion to dismiss and

to strike this allegation; however, if any response is required, all allegations of this paragraph are

denied.

86.      The issuance of the Perkins '820 Notice of Allowance was arbitrary,

capricious, an abuse of discretion, or otherwise not in accordance with law as set forth

below.

RESPONSE:  No response is required at this time in view of FPI's pending motion to dismiss and

to strike this allegation; however, if any response is required, all allegations of this paragraph are denied.

87.   The issuance of the Perkins '837 Patent was arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law as set forth below

RESPONSE:  No response is required at this time in view of FPI's pending motion to dismiss and to strike this allegation; however, if any response is required, all allegations of this paragraph are denied.

88.   On information and belief, during its examination of the Perkins '820 Application, defendant PTO did not undertake to determine whether the subject matter disclosed and claimed in the Perkins '820 Application constituted an "invention" of "inventors" as distinct from subject matter whose conception and making was within the grasp of a person having ordinary skill in the art to which the claimed subject matter pertained.

RESPONSE:  Denied.

89. On information and belief, during its examination of the Perkins '820 Application, defendant PTO did not identify any problem that confronted Perkins et al. at the time they first made the Alleged Perkins Invention.

RESPONSE:  FPI is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies same.

90.   On information and belief, during its examination of the Perkins '820 Application, defendant PTO did not make any inquiry into the degree of skill that may have been needed to solve any problem that confronted Perkins et al. at the time of their purported "invention" of the Alleged Perkins Invention or the subject matter disclosed and claimed in the Perkins '820 Application.

RESPONSE: Denied.

91.   On information and belief, defendants Doll and PTO erroneously and improperly presumed that Perkins et al. were "inventors" and, as such, purportedly were presumptively entitled to patent protection for the Alleged Perkins Invention based on the mere act of filing the Perkins '820 Application.

RESPONSE: Denied.

92.   On information and belief, defendants Doll and PTO issued the Perkins '820 Notice of Allowance on the basis, in whole or in part, of an erroneous supposition that the PTO is purportedly required to allow patent application claims that recite any novel machine or manufacture unless the PTO locates and produces evidence that establishes a so-called "prima facie case of obviousness."

RESPONSE: Denied.

93.   In the Perkins '820 Notice of Allowance, defendants Doll and PTO gave no reasons whatsoever for their allowance of the claims made in the Perkins '820 Application.

RESPONSE:   FPI admits only that the Perkins '820 Notice of Allowance document mailed on April 2, 2009 does not discuss reasons for allowance of the claims made in the Perkins '820 Application and denies all other allegations of this paragraph.

94.   In a decision dated December 19, 2008, defendant PTO ruled that an Examiner of the PTO had purportedly erred in rejecting claims 1-12, 24, and 25 of the Perkins '820 Application, because "[i]n Larson [U.S. Patent No. 4,017,351], the path through the inflation, sealing, and slitting mechanisms is a *circumferential* path" (emphasis added), with the purported result that "the Examiner erred in finding Larson's circumferential path is sufficient to meet the claimed *planar* path" (emphasis added).

RESPONSE:   FPI admits only that a decision dated December 19, 2009 issued by defendant

PTO's Board of Patent Appeals and Interferences concluded "that the Examiner erred in finding Larson's [U.S. Patent No. 4,017,351] circumferential path is sufficient to meet the claimed planar path" and states that "[t]he Examiner's decision to reject claims 1-12, 24, and 25 [of the Perkins '820 Application] as being unpatentable over Larson and Levrini or Larson and Gotoh is reversed" and denies all other allegations of this paragraph.

95.     Defendant PTO's assertion, "the Examiner erred in finding Larson's circumferential path is sufficient to meet the claimed planar path" (emphasis added), does not constitute any competent, adequate, or legally sufficient basis on which defendants Doll or PTO could reasonably conclude that the allowed claims in the Perkins '820 Application are limited to "nonobvious subject matter" within the meaning of 35 U.S.C. § 103(a).

RESPONSE:  Denied.

96. Defendants Doll and PTO have failed to discharge their statutory duty, under 35 U.S.C. § 131, to examine and determine whether the claims made in the Perkins '820 Application satisfy the nonobvious subject matter condition for patentability set forth in 35 U.S.C. § 103(a).

RESPONSE:  Denied.

97.     By their action in issuing the Perkins '837 Patent to FPI, defendants Doll and PTO have wrongfully and unlawfully, granted FPI and its assigns a purported legal right to exclude Pregis from making, using, offering for sale, or selling subject matter that, in truth and in fact, Pregis has a federal right to make and sell under federal patent law, common law, or both.

RESPONSE:  Denied.

98.     The conduct of defendants threatens to cause injury to Pregis that is concrete, particularized, and imminent.

RESPONSE:  Denied.

99.    Pregis and FPI are direct competitors in the business of making and selling air cushion products and apparatus of the general type disclosed in the Perkins '820 Application and the Perkins '837 Patent.

RESPONSE:  Admitted.

100.    On information and belief, defendant FPI has prosecuted the Perkins '820 Application and has solicited the Perkins '837 Patent with intent to try and set up a claim on the business and assets of Pregis.

RESPONSE:  Denied.

101.    FPI has demanded that Pregis pay FPI millions of dollars and a running royalty of 12% on sales of Pregis-manufactured air cushion packaging products, in consideration of a "license" to make and sell subject matter disclosed and claimed in, among other things, the Perkins '820 Application and the Perkins '837 Patent.

RESPONSE:  FPI admits only that FPI offered to license Pregis under claims of the Perkins '820 Application that would ultimately issue as a U.S. patent and denies all other allegations of this paragraph.

102.    FPI has repeatedly and explicitly threatened to sue Pregis for alleged infringement of the patent that Doll and the PTO have since issued as the Perkins '837 Patent if Pregis does not agree to pay for a "license" to make and sell subject matter disclosed and claimed in, among other things, the Perkins '820 Application and the Perkins '837 Patent.

RESPONSE:  Denied.

103.    The Perkins '837 Patent operates of its own force, to reduce the value of Pregis's business and property and to impair the marketability of Regis air cushion products.

23

RESPONSE:  Denied.

104.    The Perkins '837 Patent operates of its own force, to infringe, impair, and violate

Pregis' federal right to make and use subject matter that federal patent law, including 35 U.S.C. §

103(a), leaves in the public domain.

RESPONSE:  Denied.

105.    The conduct of Doll and PTO caused and continues to cause injury to Pregis for which

Pregis has no adequate remedy in a court, apart from this judicial review action.

RESPONSE:  No response is required at this time in view of FPI's pending motion to dismiss and

to strike this allegation; however, if any response is required, all allegations of this paragraph are

denied.

106.    Because of the conduct of Doll and PTO, Pregis is adversely affected and aggrieved

within the meaning of the Patent Act and other federal law.

RESPONSE:  No response is required at this time in view of FPI's pending motion to dismiss and

to strike this allegation; however, if any response is required, all allegations of this paragraph are

denied.

107.    Under 5 U.S.C. §§ 702 and 706, Pregis is entitled to judgment holding unlawful, and

setting aside, the actions of Doll and PTO in issuing the Perkins '820 Notice of Allowance and the

Perkins '837 Patent in its current form.

RESPONSE:  No response is required at this time in view of FPI's pending motion to dismiss and

to strike this allegation; however, if any response is required, all allegations of this paragraph are

denied.

108.    An actual controversy exists between Pregis and FPI concerning whether Pregis, or

Pregis vendees, have infringed or are infringing the Perkins '837 Patent by making, using, or

selling Pregis-manufactured air cushion products.

RESPONSE:   Admitted.

109.   Under 28 U.S.C. § 2201(a), Pregis is entitled to judgment declaring that making, using or selling Pregis-manufactured air cushion products does not infringe the Perkins '837 Patent, at least because that patent is wholly or partially invalid.

RESPONSE:   Denied.

110.   Under 28 U.S.C. § 1331, Pregis is entitled to an injunction restraining FPI from maintaining patent protection for subject mater that Pregis has a federal right to use under Article I, § 8, cl. 8 of the constitution, the Patent Act of 1952, as amended, or common law.

RESPONSE:    No response is required at this time in view of FPI's pending motion to dismiss and to strike this allegation; however, if any response is required, all allegations of this paragraph are denied.

111.   Under 28 U.S.C. § 2201(a), Pregis is entitled to judgment declaring that Pregis is not liable to FPI for infringement of the Perkins '837 Patent.

RESPONSE:   Denied.

## FIFTH CLAIM FOR RELIEF

112.   Paragraphs 1-111, above, are realleged and incorporated by reference as if set forth in full.

RESPONSE:   FPI realleges and incorporates by reference as if set forth in full its responses to paragraphs 1-111 above.

113.   Allowed claim 8 of the Perkins '820 Application (now claim 8 of the Perkins '837 Patent) describes an apparatus for making air-filed packing cushions, each and every one of whose recited elements is disclosed in Troy .

RESPONSE:  Denied.

114.    With reference to claim 8 of the Perkins '820 Application (now claim 8 of the Perkins

'837 Patent), Troy discloses "[a] system for manufacturing air cushions for use as packaging

dunnage," namely, the system disclosed in Troy Figures 13, 31-34, and 44.

RESPONSE:  Denied.

115.    With reference to claim 8 of the Perkins '820 Application (now claim 8 of the Perkins

'837 Patent), Troy discloses "a longitudinally extending plastic film comprising a relatively narrow

longitudinally extending channel and at least one row of generally rectangular presealed inflatable

chambers each having three sides closed and a fourth side with an unsealed opening into the

longitudinally extending channel," namely, the longitudinally extending plastic film disclosed in

Troy Figure 13.

RESPONSE:   FPI admits only that Troy discloses in Troy Figure 13 two film sheets with margin

seals, cross seals and cross channels having a longitudinal access channel 85 and denies all other

allegations of this paragraph.

116.    With reference to claim 8 of the Perkins '820 Application (now claim 8 of the Perkins

'837 Patent), Troy discloses "an inflation machine for inflating the inflatable chambers of the

plastic film," namely, the inflation machine disclosed in Troy Figures 31-34 and 44.

RESPONSE:  Denied.

117.    With reference to claim 8 of the Perkins '820 Application (now claim 8 of the Perkins

'837 Patent), Troy discloses "an elongate member adapted for slidable insertion into the narrow

longitudinally extending channel of the plastic film," namely, the pipe 186 disclosed in Troy Figures

31-34.

RESPONSE:  FPI admits only that Troy discloses in Troy Figures 31-34 pipe 186 and denies all

other allegations of this paragraph.

118.    With reference to claim 8 of the Perkins '820 Application (now claim 8 of the Perkins '837 Patent), Troy discloses "a pair of film drive rollers that cause the plastic film to be gripped at or near the narrow longitudinally extending channel and drawn in a continuous and uninterrupted manner through inflation, sealing and slitting mechanisms in a planar path," namely, the pair of film drive rollers 304, 311 disclosed in Troy Figure 44.

RESPONSE:   FPI admits only that Troy discloses in Troy Figure 44 fiber discs 304, 311 and denies all other allegations of this paragraph.

119.    With reference to claim 8 of the Perkins '820 Application (now claim 8 of the Perkins '837 Patent), Troy discloses "wherein the inflation mechanism comprises a source of inflation gas and an air outlet which together cause inflation gas to be injected into the inflation side of one or more of the inflatable chambers as the film is drawn through the inflation mechanism," namely, the pipe 186 and its outlet slots 194 disclosed in Troy Figures 31 and 34.

RESPONSE:   FPI admits only that Troy discloses in Troy Figure 31 a pipe 186 and discloses in Troy Figure 34 a pipe 186 and outlet slots 194 and denies all other allegations of this paragraph.

120.    With reference to claim 8 of the Perkins '820 Application (now claim 8 of the Perkins '837 Patent), Troy discloses "wherein the sealing mechanism comprises an electrically energized heating element that generates heat to be delivered to the inflation side of one or more of the inflatable air chambers to seal the unsealed opening and trap the inflation gas within the chambers as the firm is drawn through the sealing mechanism," namely, the heating elements 309, 314 disclosed in Troy Figure 44.

RESPONSE:   FPI admits only that Troy discloses in Troy Figure 44 heater rolls, 309, 314 and denies all other allegations of this paragraph.

121.   With reference to claim 8 of the Perkins '820 Application (now claim 8 of the Perkins '837 Patent), Troy discloses "wherein the slitting mechanism comprises a blade that slices open the relatively narrow longitudinally extending channel of the plastic film to allow the film to disengage from the elongate member as the film is drawn through the slitting mechanism," namely, the knife 195 disclosed in Troy Figure 34.

RESPONSE:   FPI admits only that Troy discloses in Troy Figure 34 a knife 195 and denies all other allegations of this paragraph.

122.   Whether or not the Perkins '820 Application discloses any subject matter that could properly be deemed, following examination, to be an "invention" or "nonobvious subject matter," at least claim 8 of the Perkins '820 Application (now claim 8 of the Perkins '837 Patent) is worded so broadly as to leave no difference whatsoever between the subject matter sought to be patented and the prior art.

RESPONSE:   Denied.

123.   Allowed claims 2-14 of the Perkins '820 Application (now claims 2-14 of the '837 Perkins Patent) are worded so broadly as to leave, at best, trivial differences between the subject matter described by those claims and the expired Troy patent disclosure.

RESPONSE:   Denied.

124.   Because one or more claims of the Perkins '820 Application fails to satisfy the nonobvious subject matter condition for patentability set forth in 35 U.S.C. § 103(a), Doll and PTO had and have no statutory authority to issue the Perkins '820 Application.

RESPONSE:   Denied.

125.   Because of the conduct of Doll and PTO, Pregis is adversely affected and aggrieved within the meaning of the Patent Act and other Federal law.

28

RESPONSE:  No response is required at this time in view of FPI's pending motion to dismiss and

to strike this allegation; however, if any response is required, all allegations of this paragraph are

denied.

126.    Under 5 U.S.C. §§ 702 and 706, Pregis is entitled to judgment holding unlawful, and

setting aside, the actions of Doll and the PTO in issuing the Perkins '820 Notice of Allowance and

Perkins '832 Patent in its current form.

RESPONSE:  No response is required at this time in view of FPI's pending motion to dismiss

and to strike this allegation; however, if any response is required, all allegations of this paragraph

are denied.

127.    An actual controversy exists between Pregis and FPI concerning whether Pregis, or

Pregis vendees, have infringed or are infringing the Perkins '837 Patent by making, using, or

selling Pregis-manufactured air cushion products.

RESPONSE:  Admitted.


128.    Under 28 U.S.C. § 2201(a), Pregis is entitled to judgment declaring that making,

using for selling Pregis-manufactured air cushion products does not infringe the Perkins '837

Patent, at least because that patent is wholly or partially invalid

RESPONSE:  Denied.

129.    Under 28 U.S.C. § 1331, Pregis is entitled to an injunction restraining FPI from

maintaining patent protection for subject mater that Pregis has a federal right to use under Article I, §

8, cl. 8 of the constitution, the Patent Act of 1952, as amended, or common law.

RESPONSE:  No response is required at this time in view of FPI's pending motion to dismiss and to

strike this allegation; however, if any response is required, all allegations of this paragraph are

denied.

130.   Under 28 U.S.C. § 2201(a), Pregis is entitled to judgment declaring that Pregis is not

liable to FPI for infringement of the Perkins '837 Patent.

RESPONSE:  Denied.

## SIXTH CLAIM FOR RELIEF

131.   Paragraphs 1 -130, above, are realleged and incorporated by reference as if set forth in

full.

RESPONSE:  FPI realleges and incorporates by reference as if set forth in full its responses to

paragraphs 1-130 above.

132.   The Alleged Perkins Invention was originally patented to FPI under U.S. Patent No.

6,209,286 issued November 12, 1999.

RESPONSE:  Denied.

133.   By the Perkins '820 Application, Perkins et al. and their assignee, FPI, sought to re-patent

the same alleged "invention" as was previously patented under U.S. Patent No. 6,209,286.

RESPONSE:  Denied.

134.   The subject matter claimed in the Perkins '837 Patent is inseparably involved

in the matter embraced in U.S. Patent No. 6,209,286.

RESPONSE:  Denied.

135.   The subject matter claimed in the Perkins '837 Patent is not distinctly different

and independent from that covered by U.S. Patent No. 6,209,286.

RESPONSE:  Denied.

136.   The subject matter claimed in the Perkins '837 Patent is not substantially different

from that comprehended in U.S. Patent No. 6,209,286.

RESPONSE:  Denied.

137. The subject matter claimed in the Perkins 837 Patent is not essentially distinct and separable from the invention covered by U.S. Patent No. 6,209,286 and the claims made thereunder.

RESPONSE:  Denied.

138.     Under 35 U.S.C. § 101 and long-standing Supreme Court precedent, defendants Doll and PTO have no statutory authority to issue more than one patent for any one "invention."

RESPONSE:  No response is required at this time in view of FPI's pending motion to dismiss and to strike this allegation; however, if any response is required, all allegations of this paragraph are denied.

139.     Because the Perkins '820 Application disclosed and claimed the same Alleged Perkins Invention that was previously patented under U.S. Patent No. 6,209,286, Doll and PTO had and have no statutory authority to issue a patent on the Perkins '837 Patent.

RESPONSE:  Denied

140.     Because of the conduct of Doll and PTO, Pregis is adversely affected and aggrieved within the meaning of the Patent Act and other federal law.

RESPONSE:  No response is required at this time in view of FPI's pending motion to dismiss and to strike this allegation; however, if any response is required, all allegations of this paragraph are denied.

141.    Under 5 U.S.C. §§ 702 and 706, Pregis is entitled to judgment holding unlawful, and setting aside, the actions of Doll and PTO in issuing the Perkins '820 Notice of Allowance and the Perkins '837 Patent in its current form.

RESPONSE:  No response is required at this time in view of FPI's pending motion to dismiss and to strike this allegation; however, if any response is required, all allegations of this paragraph are

denied.

142.    An actual controversy exists between Pregis and FPI concerning whether Pregis, or

Pregis vendees, have infringed or are infringing the Perkins '837 Patent by making, using, or

selling Pregis-manufactured air cushion products.

RESPONSE:  Admitted.

143.    Under 28 U.S.C. § 2201(a), Pregis is entitled to judgment declaring that making,

using for selling Pregis-manufactured air cushion products does not infringing the Perkins '837

Patent, at least because that patent is wholly or partially invalid.

RESPONSE:  Denied.

144.    Under 28 U.S.C. § 1331, Pregis is entitled to an injunction restraining FPI from

maintaining patent protection for subject mater that Pregis has a federal right to use under Article I, §

8, cl. 8 of the Constitution, the Patent Act of 1952, as amended, or common law.

RESPONSE:  No response is required at this time in view of FPI's pending motion to dismiss and to

strike this allegation; however, if any response is required, all allegations of this paragraph are

denied.

145.    Under 28 U.S.C. § 2201(a), Pregis is entitled to judgment declaring that Pregis is not

liable to FPI for infringement of the Perkins '837 Patent.

RESPONSE:  Denied.

## SEVENTH CLAIM FOR RELIEF

146.    Paragraphs 1-145, above, are realleged and incorporated by reference as if set forth

in full.

RESPONSE:  FPI realleges and incorporates by reference as if set forth in full its responses to

paragraphs 1-145 above.

147.     On or about May 11, 2004, non-parties Fuss and Yampolsky filed United States Application Serial No. 10/843,904 (the "Fuss '904 Application") and thereby sought to re-patent the same Alleged Fuss Invention as was patented to FPI under U.S. Patent No. 6,786,022 issued September 7, 2004.

RESPONSE:    FPI admits only that on or about May 11, 2004, non-parties Fuss and Yampolsky filed United States Application Serial No. 10/843,904 (the "Fuss '904 Application) seeking issuance of a patent on an invention and denies all other allegations of this paragraph.

148.     In support of the Fuss '904 Application, Messrs. Fuss and Yampolsky submitted a sworn declaration in which they stated that they "believe[d]" that they were the "original, first and joint inventor[s] . . . of the subject matter which is claimed and for which a patent is sought on the invention entitled *SYSTEM, METHOD AND MATERIAL FOR MAKING PNEUMATICALLY FILLED PACKING CUSHIONS,* the specification of which. . . was filed on January 17, 2001, as Application Serial No. 09/765,064."

RESPONSE:    Admitted.

149.     On information and belief, Messrs. Fuss and Yampolsky assigned the subject matter of the Fuss '904 Application to defendant FPI on March 20, 2001.

RESPONSE:    Admitted.

150.     On information and belief, attorneys or agents of defendant FPI prosecuted the Fuss '904 Application before defendant PTO, in part by transmitting papers to the PTO in Alexandria, Virginia, and soliciting agency action by the PTO.

RESPONSE:    FPI admits only that attorneys or agents of defendant FPI prosecuted the Fuss '904 application before defendant PTO, in part by transmitting papers to the PTO in Alexandria, Virginia and denies all other allegations of this paragraph.

151.    On or about August 28, 2007, defendant PTO issued a Notice of Allowance (the "Fuss '904 Notice of Allowance") with respect to the Fuss '904 Application.

RESPONSE:    Admitted.

152.    The Fuss '904 Notice of Allowance marked the consummation of the PTO's decision-making process with respect to the Fuss '904 Application.

RESPONSE:    No response is required at this time in view of FPI's pending motion to dismiss and to strike this allegation; however, if any response is required, all allegations of this paragraph are denied.

153.    The issuance of the Fuss '904 Notice of Allowance was an agency action that purported to determine legal rights of defendant FPI and of the public, including Pregis, with respect to the subject matter disclosed and claimed in the Fuss '904 Application.

RESPONSE:    No response is required at this time in view of FPI's pending motion to dismiss and to strike this allegation; however, if any response is required, all allegations of this paragraph are denied.

154.    The issuance of the Fuss '904 Notice of Allowance was an agency action from which legal consequences would flow, namely, the issuance to FPI of U.S. Patent No. 7,325,377 B2 on February 5, 2008 (the "Fuss '377 Patent") for the alleged "invention" disclosed and pointed out by the allowed claims in the Fuss '904 Application.

RESPONSE:    No response is required at this time in view of FPI's pending motion to dismiss and to strike this allegation; however, if any response is required, all allegations of this paragraph are denied.

155.    The issuance of the Fuss '904 Notice of Allowance was arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law as set forth below.

RESPONSE:   No response is required at this time in view of FPI's pending motion to dismiss and to strike this allegation; however, if any response is required, all allegations of this paragraph are denied.

156.   The issuance of the Fuss '377 Patent was arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law as set forth below.

RESPONSE:   No response is required at this time in view of FPI's pending motion to dismiss and to strike this allegation; however, if any response is required, all allegations of this paragraph are denied.

157.   On information and belief, during its examination of the Fuss '904 Application, defendant PTO did not undertake to determine whether the subject matter disclosed and claimed in the Fuss '904 Application constituted an "invention" of "inventors" as distinct from subject matter whose conception and making was within the grasp of a person having ordinary skill in the art to which the claimed subject matter pertained.

RESPONSE:   Denied.

158.   On information and belief, during its examination of the Fuss '904 Application, defendant PTO did not identify any problem that confronted Fuss and Yampolsky at the time they first made the Alleged Fuss Invention.

RESPONSE:   FPI is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies same.

159.   On information and belief, during its examination of the Fuss '904 Application, defendant PTO did not make any inquiry into the degree of skill that may have been needed to solve any problem that confronted Fuss and Yampolsky at the time of their purported "invention" of the Alleged Fuss Invention or the subject matter disclosed and claimed in the Fuss '904 Application.

RESPONSE:   Denied.

160.   On information and belief, defendants Doll and PTO erroneously and improperly presumed that Fuss and Yampolsky were "inventors" and, as such, purportedly were presumptively entitled to patent protection for the Alleged Fuss Invention based on the mere act of filing the Fuss '904 Application.

RESPONSE:   Denied.

161.   On information and belief, defendants Doll and PTO issued the Fuss '904 Notice of Allowance and the Fuss '377 Patent on the basis, in whole or in part, of an erroneous supposition that the PTO is purportedly required to allow patent application claims that recite any novel machine or manufacture unless the PTO locates and produces evidence that establishes a so-called "prima facie case of obviousness."

RESPONSE:   Denied.

162.   According to the Fuss '904 Notice of Allowance, defendant PTO allowed the claims made in the Fuss '904 Application, as amended, because in the opinion of an individual Examiner, "Larson et al. [U.S. Patent No. 4,017,351] fail to disclose the claimed apparatus for making air-filled packing cushions, including the feed mechanism for engaging an edge portion of the material such that all the plurality of cushioning chambers are on one side of and in fluid connection with the longitudinally extending channel. Further, Larson et al. fail to disclose the pair of blocks disposed on opposite side [sic] of the material and pair of belt [sic], which engage the film material and carry it pass [sic] the belt."

RESPONSE:   FPI admits only that the Notice of Allowability under the heading "Reasons for Allowance" states "Larson et al. [U.S. Patent No. 4,017,351] fail to disclose the claimed apparatus for making air-filled packing cushions, including the feed mechanism for engaging an edge

portion of the material such that all the plurality of cushioning chambers are on one side of and in fluid connection with the longitudinally extending channel. Further, Larson et al. fail to disclose the pair of blocks disposed on opposite side [sic] of the material and pair of belt [sic], which engage the film material and carry it pass [sic] the belt" and denies all other allegations of this paragraph.

163.     The "reasons for allowance" stated in the Fuss '904 Notice of Allowance do not constitute any competent, adequate, or legally sufficient basis on which defendants Doll or PTO could reasonably conclude that the allowed claims in the Fuss '904 Application, which are now claims of the Fuss '377 Patent, are limited to "non-obvious subject matter" within the meaning of 35 U.S.C. § 103(a).

RESPONSE:     Denied.

164.     Defendants Doll and PTO failed to discharge their statutory duty, under 35 U.S.C. § 131, to examine and determine whether the claims made in the Fuss '904 Application satisfied the non-obvious subject matter condition for patentability set forth in 35 U.S.C. § 103(a).

RESPONSE:     Denied.

165.     By their action in issuing the Fuss '377 Patent to FPI, defendants Doll and PTO have wrongfully and unlawfully granted FPI and its assigns a purported legal right to exclude Pregis from making, using, offering for sale, or selling subject matter that, in truth and in fact, Pregis has a federal right to make and sell under federal patent law, common law, or both.

RESPONSE:     Denied.

166.     The conduct of defendants has caused and continues to cause injury to Pregis that is concrete, particularized, and imminent.

RESPONSE:     Denied.

167.     Pregis and FPI are direct competitors in the business of making and selling air cu-

shion products and apparatus of the general type disclosed in the Fuss '904 Application and the Fuss '377 Patent.

<u>RESPONSE:</u>   Admitted.

168.   On information and belief, defendant FPI prosecuted the Fuss '904 Application and solicited the Fuss '377 Patent with intent to try and set up a claim on the business and assets of Pregis.

<u>RESPONSE:</u>   Denied.

169.   FPI has demanded that Pregis pay FPI millions of dollars and a running royalty of 12% on sales of Pregis-manufactured air cushion packaging products, in consideration of a "license" to make and sell subject matter disclosed and claimed in, among other things, the Fuss '904 Application and the Fuss '377 Patent.

<u>RESPONSE:</u>   FPI admits only that FPI offered to license Pregis under claims of the Fuss '377 Patent and denies all other allegations of this paragraph.

170.   FPI has repeatedly and explicitly threatened to sue Pregis for alleged infringement of the Fuss '377 Patent if Pregis does not agree to pay for a "license" to make and sell subject matter disclosed and claimed in, among other things, the Fuss '377 Patent.

<u>RESPONSE:</u>   Denied.

171.   The Fuss '377 Patent operates, of its own force, to reduce the value of Pregis's business and property and to impair the marketability of Pregis air cushion products.

<u>RESPONSE:</u>   Denied.

172.   The Fuss '377 Patent operates, of its own force, to infringe, impair, and violate Pregis's federal right to make and use subject matter that federal patent law, including 35 U.S.C. § 103(a), leaves in the public domain.

RESPONSE:  Denied.

173.    The conduct of Doll and PTO has caused and continues to cause injury to Pregis for which Pregis has no adequate remedy in a court, apart from this judicial review action.

RESPONSE:  No response is required at this time in view of FPI's pending motion to dismiss and to strike this allegation; however, if any response is required, all allegations of this paragraph are denied.

174.    Because of the conduct of Doll and PTO, Pregis is adversely affected and ag-grieved within the meaning of the Patent Act and other federal law.

RESPONSE:  No response is required at this time in view of FPI's pending motion to dismiss and to strike this allegation; however, if any response is required, all allegations of this paragraph are denied.

175.    Under 5 U.S.C. §§ 702 and 706, Pregis is entitled to judgment holding unlawful, and setting aside, the actions of Doll and PTO in issuing the Fuss '904 Notice of Allowance and the Fuss '377 Patent in its current form.

RESPONSE:  No response is required at this time in view of FPI's pending motion to dismiss and to strike this allegation; however, if any response is required, all allegations of this paragraph are denied.

176.    An actual controversy exists between Pregis and FPI concerning whether Pregis, or Pregis vendees, have infringed or are infringing the Fuss '377 Patent by making, using, or selling Pregis manufactured air cushion products.

RESPONSE:  Admitted.

177.    Under 28 U.S.C. § 2201, Pregis is entitled to judgment declaring that making, using, or selling Pregis-manufactured air cushion products does not infringe the Fuss '377

Patent, at least because that patent is wholly or partially invalid.

RESPONSE:  Denied.

178.    Under 28 U.S.C. § 1331, Pregis is entitled to an injunction restraining FPI from maintaining patent protection for subject matter that Pregis has a federal right to use under Article I, § 8, cl. 8 of the Constitution and the Patent Act of 1952, as amended.

RESPONSE:  No response is required at this time in view of FPI's pending motion to dismiss and to strike this allegation; however, if any response is required, all allegations of this paragraph are denied.

179.    Under 28 U.S.C. § 2201(a), Pregis is entitled to judgment declaring that Pregis is not liable to FPI for infringement of the Fuss '377 Patent.

RESPONSE:  Denied.

## EIGHTH CLAIM FOR RELIEF

180.    Paragraphs 1-179, above, are realleged and incorporated by reference as if set forth in full.

RESPONSE:  FPI realleges and incorporates by reference as if set forth in full its responses to paragraphs 1-179 above.

181.    Allowed claims 22 and 24 of the Fuss '904 Application (now claims 1 and 3 of the Fuss '377 Patent) are worded so broadly as to leave, at best, trivial differences between the subject matter described by those claims and the expired Troy patent disclosure.

RESPONSE:  Denied.

182.    Because one or more claims of the '377 Patent fail to satisfy the non-obvious subject matter condition for patentability set forth in 35 U.S.C. § 103(a), Doll and the PTO had no statutory authority to issue the Fuss '377 Patent.

RESPONSE:  Denied.

183.    The conduct of Doll and PTO has caused and continues to cause injury to Pregis for which Pregis has no adequate remedy in a court, apart from this judicial review action.

RESPONSE:  No response is required at this time in view of FPI's pending motion to dismiss and to strike this allegation; however, if any response is required, all allegations of this paragraph are denied.

184.    Because of the conduct of Doll and PTO, Pregis is adversely affected and aggrieved within the meaning of the Patent Act and other federal law.

RESPONSE:  No response is required at this time in view of FPI's pending motion to dismiss and to strike this allegation; however, if any response is required, all allegations of this paragraph are denied.

185.    Under 5 U.S.C. §§ 702 and 706, Pregis is entitled to judgment holding unlawful, and setting aside, the actions of Doll and PTO in issuing the Fuss '904 Notice of Allowance and the Fuss '377 Patent in its current form

RESPONSE:  No response is required at this time in view of FPI's pending motion to dismiss and to strike this allegation; however, if any response is required, all allegations of this paragraph are denied.

186.    An actual controversy exists between Pregis and FPI concerning whether Pregis, or Pregis vendees, have infringed or are infringing the Fuss '377 Patent by making, using, or selling Pregis-manufactured air cushion products.

RESPONSE:  Admitted.

187.    Under 28 U.S.C. § 2201(a), Pregis is entitled to judgment declaring that making, using, or selling Pregis-manufactured air cushion products does not infringe the Fuss '377 Patent,

at least because that patent is wholly or partially invalid.

RESPONSE:  Denied.

188.    Under 28 U.S.C. § 1331, Pregis is entitled to an injunction restraining FPI from maintaining patent protection for subject matter that Pregis has a federal right to use under Article I, § 8, cl. 8 of the Constitution, the Patent Act of 1952, as amended, or common law.

RESPONSE:  No response is required at this time in view of FPI's pending motion to dismiss and to strike this allegation; however, if any response is required, all allegations of this paragraph are denied.

189.    Under 28 U.S.C. § 2201(a), Pregis is entitled to judgment declaring that Pregis is not liable to FPI for infringement of the Fuss '377 Patent.

RESPONSE: Denied.

## NINTH CLAIM FOR RELIEF

190.    Paragraphs 1-189, above, are realleged and incorporated by reference as if set forth in full.

RESPONSE:  FPI realleges and incorporates by reference as if set forth in full its responses to paragraphs 1-189 above.

191.    The Alleged Fuss Invention was originally patented to FPI under U.S. Patent No. 6,782,022 issued September 7, 2004.

RESPONSE:  Denied.

192.    By the Fuss '904 Application, Fuss and Yampolsky and their assignee, FPI, sought to re-patent the same alleged "invention" as was previously patented under U.S. Patent No. 6,786,022.

RESPONSE:  Denied.

193.    The subject matter claimed in the Fuss '377 Patent is inseparably involved in the subject matter embraced in U.S. Patent No. 6,786,022.

RESPONSE:  Denied.

194.    The subject matter claimed in the Fuss '377 Patent is not distinctly different and independent from that covered by U.S. Patent No. 6,786,022.

RESPONSE:  Denied.

195.    The subject matter claimed in the Fuss '377 Patent is not substantially different from that comprehended in U.S. Patent No. 6,786,022.

RESPONSE:  Denied.

196.    The subject matter claimed in the Fuss '377 Patent is not essentially distinct and separable from the alleged invention covered by U.S. Patent No. 6,786,022 and the claims made thereunder.

RESPONSE:  Denied.

197.    Under 35 U.S.C. § 101 and long-standing Supreme Court precedent, defendants Doll and PTO had and have no statutory authority to issue more than one patent for any one "invention."

RESPONSE:  No response is required at this time in view of FPI's pending motion to dismiss and to strike this allegation; however, if any response is required, all allegations of this paragraph are denied.

198.    Because the Fuss '904 Application disclosed and claimed the same Alleged Fuss Invention that was previously patented under U.S. Patent No. 6,786,022, Doll and the PTO had no statutory authority to issue the Fuss '377 Patent.

RESPONSE:  Denied.

199.    The conduct of Doll and PTO has caused and continues to cause injury to Pregis for

which Pregis has no adequate remedy in a court, apart from this judicial review action.

RESPONSE:   No response is required at this time in view of FPI's pending motion to dismiss and to strike this allegation; however, if any response is required, all allegations of this paragraph are denied.

200.   Because of the conduct of Doll and PTO, Pregis is adversely affected and aggrieved within the meaning of the Patent Act and other federal law.

RESPONSE:   No response is required at this time in view of FPI's pending motion to dismiss and to strike this allegation; however, if any response is required, all allegations of this paragraph are denied.

201.   Under 5 U.S.C. §§ 702 and 706, Pregis is entitled to judgment holding unlawful, and setting aside, the actions of Doll and PTO in issuing the Fuss '032 Notice of Allowance and the Fuss '377 Patent in its current form

RESPONSE:   No response is required at this time in view of FPI's pending motion to dismiss and to strike this allegation; however, if any response is required, all allegations of this paragraph are denied.

202.   An actual controversy exists between Pregis and FPI concerning whether Pregis, or Pregis vendees, have infringed or are infringing the Fuss '377 Patent by making, using, or selling Pregis-manufactured air cushion products.

RESPONSE:   Admitted.

203.   Under 28 U.S.C. § 2201(a), Pregis is entitled to judgment declaring that making, using, or selling Pregis-manufactured air cushion products does not infringe the Fuss '377 Patent, at least because that patent is wholly or partially invalid.

RESPONSE:   Denied.

44

204.    Under 28 U.S.C. § 1331, Pregis is entitled to an injunction restraining FPI from maintaining patent protection for subject matter that Pregis has a federal right to use under Article I, § 8, cl. 8 of the Constitution, the Patent Act of 1952, as amended, or common law.

RESPONSE:  No response is required at this time in view of FPI's pending motion to dismiss and to strike this allegation; however, if any response is required, all allegations of this paragraph are denied.

205.    Under 28 U.S.C. § 2201(a), Pregis is entitled to judgment declaring that Pregis is not liable to FPI for infringement of the Fuss '377 Patent.

RESPONSE:  Denied.

## PREGIS' PRAYER FOR RELIEF

FPI denies that Pregis is entitled to any relief whatsoever.

## FIRST DEFENSE

Pregis has failed to state a claim upon which relief can be granted.

## SECOND DEFENSE

Pregis lacks standing to assert any claim for relief based upon the Administrative Procedure Act, 5 U.S.C. §§ 701-706.

## THIRD DEFENSE

Pregis lacks subject matter jurisdiction to assert any claim for relief based upon the Administrative Procedure Act, 5 U.S.C. §§ 701-706.

## COUNTERCLAIM

FPI, for its counterclaim against Pregis, alleges as follows:

## THE PARTIES

1.      Free-Flow Packaging International, Inc. ("FPI") is a corporation organized and existing under the laws of Delaware, having its principal place of business in Redwood City, California.

2.      On information and belief, Pregis Corporation ("Pregis") is a corporation organized and existing under the laws of Delaware, having its principal place of business in Deerfield, Illinois.

## JURISDICTION AND VENUE

3.      This Counterclaim arises under the patent laws of the United States, 35 U.S.C. § 1 *et seq.,* and particularly under 35 U.S.C. §§ 271 and 281.

4.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338(a) and 2201 and 2202.

5.      Venue is proper in this District under 28 U.S.C. § 1391.

6.      By the First Amended Complaint, Pregis has expressly alleged that it does not infringe FPI's U.S. Patent Nos. 7,526,904 ("the Fuss '904 patent), 7,536,837 ("the Fuss '837 patent") and 7,325,377 ("the Fuss '377 patent"), at least because these patents are alleged to be invalid and therefore Pregis has submitted itself to the jurisdiction and venue of this Court.

## COUNT I

### (Infringement of the '377 Patent)

7.      As a cause of action and ground for relief, FPI alleges patent infringement under 35

U.S.C. §§ 271 and 281, and incorporates herein by reference the allegations set forth in paragraphs 1-6 of this Counterclaim.

8.      FPI is the sole owner of all right, title and interest to United States Patent No. 7,325,377 ("the '377 patent"), entitled "Apparatus for Making Pneumatically Filled Packing Cushions," which was legally and duly issued to FPI on February 5, 2008.

9.      Pregis has, without authority or license from FPI, made, used, offered to sell and/or sold, in the United States, apparatus for making air-filled packing cushions that infringe the '377 patent in violation of 35 U.S.C. § 271(a).

10.     Pregis has been and still is contributing to the infringement and/or actively inducing others to infringe the '377 patent in violation of 35 U.S.C. §§ 271(b) and/or (c).

11.     Pregis received actual notice of infringement of the '377 patent at least as early as June 26, 2008.

12.     Pregis's infringement has been with full knowledge of FPI's '377 patent and deliberate and willful.

13.     By reason of Pregis' infringement of the '377 patent, FPI has been irreparably harmed. Unless and until Pregis is enjoined by this Court, FPI will continue to suffer irreparable harm and injury for which it has no adequate remedy at law.

## COUNT II

### (Infringement of the '904 Patent)

14.     As a cause of action and ground for relief, FPI alleges patent infringement under 35 U.S.C. §§ 271 and 281, and incorporates herein by reference the allegations set forth in paragraphs 1-6 of this Counterclaim.

15.     FPI is the sole owner of all right, title and interest to United States Patent No. 7,526,904 ("the

'904 patent"), entitled "Apparatus for Making Pneumatically Filled Packing Cushions," which was

legally and duly issued to FPI on May 5, 2009 from U.S. Patent Application No. 11/867,032 ("the

Fuss '032 Application").

16.     Pregis has, without authority or license from FPI, made, used, offered to sell and/or

sold, in the United States, apparatus and systems for making air-filled packing cushions that infringe

the '904 patent in violation of 35 U.S.C. § 271(a).

17.     Pregis has been and still is contributing to the infringement and/or actively inducing

others to infringe the '904 patent in violation of 35 U.S.C. §§ 271(b) and/or (c).

18.     Pregis received actual notice of infringement of the '904 patent as of its issue date,

May 5, 2009.

19.     Pregis's infringement has been with full knowledge of FPI's '904 patent and

deliberate and willful.

20.     By reason of Pregis's infringement of the '904 patent, FPI has been irreparably

harmed.  Unless and until Pregis is enjoined by this Court, FPI will continue to suffer irreparable

harm and injury for which it has no adequate remedy at law.

## COUNT III

### (Infringement of the '837 Patent)

21.     As a cause of action and ground for relief, FPI alleges patent infringement under 35

U.S.C. §§ 271 and 281, and incorporates herein by reference the allegations set forth in paragraphs

1-6 of this Counterclaim.

22.     FPI is the sole owner of all right, title and interest to United States Patent No.

7,536,837 ("the '837 patent"), entitled "Apparatus for Inflating and Sealing Pillows in Packaging

Cushions," which was legally and duly issued to FPI on May 26, 2009 from U.S. Patent Application No. 10/186,820 ("the Perkins '820 Application").

23.     Pregis has, without authority or license from FPI, made, used, offered to sell and/or sold, in the United States, systems  for manufacturing air cushions for use as packaging dunnage that infringe the '837 patent in violation of 35 U.S.C. § 271(a).

24.     Pregis has been and still is contributing to the infringement and/or actively inducing others to infringe the '837 patent in violation of 35 U.S.C. §§ 271(b) and/or (c).

25.     Pregis received actual notice of infringement of the '837 patent as of its issue date, May 26, 2009.

26.     Pregis's infringement has been with full knowledge of FPI's '837 patent and deliberate and willful.

27.     By reason of Pregis's infringement of the '837 patent, FPI has been irreparably harmed.  Unless and until Pregis is enjoined by this Court, FPI will continue to suffer irreparable harm and injury for which it has no adequate remedy at law.

## COUNT IV

### (Infringement of the '397 Patent)

28.     As a cause of action and ground for relief, FPI alleges patent infringement under 35 U.S.C. §§ 271 and 281, and incorporates herein by reference the allegations set forth in paragraphs 1-6 of this Counterclaim.

29.     FPI is the sole owner of all right, title and interest to United States Patent No. 7,361,397 ("the '397 patent"), entitled "Film Material for Air-Filled Packing Cushions," which was legally and duly issued to FPI on April 22, 2008.

30.    Pregis has, without authority or license from FPI, made, used, offered to sell and/or sold, in the United States, preconfigured plastic film for use in air-filled packing cushions that infringes the '397 patent in violation of 35 U.S.C. § 271(a).

31.    Pregis has been and still is contributing to the infringement and/or actively inducing others to infringe the '397 patent in violation of 35 U.S.C. §§ 271(b) and/or (c).

32.    Pregis received actual notice of infringement of the '397 patent at least as early as June 26, 2008.

33.    Pregis's infringement has been with full knowledge of FPI's '397 patent and deliberate and willful.

34.    By reason of Pregis's infringement of the '397 patent, FPI has been irreparably harmed.  Unless and until Pregis is enjoined by this Court, FPI will continue to suffer irreparable harm and injury for which it has no adequate remedy at law.

## JURY DEMAND

FPI demands a jury trial on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, FPI respectfully requests the Court for the following relief:

A)    For a judgment in FPI's favor on all claims for relief;

B)    For a judgment that Pregis has infringed, contributed to the infringement, and/or actively induced others to infringe each of FPI's patents-in-suit;

C)    For a judgment that the claims of FPI's patents-in-suit are valid and enforceable;

D)    For a permanent injunction enjoining Pregis, its officers, employees, agents, and all others acting in concert with it or participating with Pregis from further infringing, contributing to the infringement and/or inducing infringement of any of the patents-in-suit;

E)    For Pregis to be directed to provide an accounting to determine the damages suffered by FPI as a result of Pregis' infringing conduct;

F)    For a judgment that this case is exceptional pursuant to 35 U.S.C. § 285;

G)    For an award of damages adequate to compensate FPI for Pregis's infringement of FPI's patents-in-suit pursuant to 35 U.S.C. § 284, which shall be trebled as a result of Pregis's willful patent infringement, together with prejudgment interest and costs;

H)    For an assessment of costs, including reasonable attorney fees, pursuant to 35 U.S.C. § 285, with prejudgment interest; and

I)    For such other and further relief as this Court deems just and proper.


Dated: July 7, 2009                          By:___/s/ Bradley C. Wright___
                                             Bradley C. Wright (VA Bar No. 37463)
                                             Joseph M. Potenza (VA Bar No. 15251)
                                             Christopher B. Roth (VA Bar No. 44499)
                                             Robert F. Altherr, Jr.
                                             Nina L. Medlock
                                             BANNER & WITCOFF, LTD.
                                             1100 13th Street, N.W., Suite 1200
                                             Washington, D.C. 20001
                                             Telephone: (202) 824-3000
                                             Facsimile: (202) 824-3001
                                             bwright@bannerwitcoff.com

                                             Attorneys for Defendant and Counter-Plaintiff
                                             Free-Flow Packaging International, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that on the 7th day of July, 2009, I will electronically file the foregoing DEFENDANT FREE-FLOW-PACKAGING INTERNATIONAL, INC.'s ANSWER TO THE FIRST AMENDED COMPLAINT AND COUNTERCLAIM with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

Tommy Beaudreau
FRIED, FRANK, HARRIS, SHRIVER & JACOBSON LLP
1001 Pennsylvania Avenue N.W.
Suite 800
Washington, D.C. 20004-2505
(202) 639-7000
Email: tommy.beaudreau@friedfrank.com

Attorney for Plaintiff Pregis Corporation


Dennis C. Barghaan, Jr.
Assistant U.S. Attorney
2100 Jamieson Avenue
Alexandria, Virginia 22314
(703) 299-3891
Email: dennis.barghaan@usdoj.gov

Attorney for Defendants John J. Doll (Acting Undersecretary for Commerce for Intellectual Property and Acting Director of the United States Patent and Trademark Office) and the United States Patent and Trademark Office


_____/s/   Bradley C. Wright_____
Bradley C. Wright (VA Bar #37463)
BANNER & WITCOFF, LTD.
1100 13th Street, N.W., 12th Floor
Washington, DC  20005-4051
Telephone:  (202) 824-3000
Facsimile:  (202) 824-3001
bwright@bannerwitcoff.com

Attorney for Defendant Free-Flow Packaging International, Inc.