IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

------------------------------------------------------------------------ x
)
PREGIS CORPORATION,                                )
)
                                Plaintiff,   )
)
                         - against -    )   No.  1:09-cv-467-GBL-IDD
)
JOHN J. DOLL, UNITED STATES PATENT     )
AND TRADEMARK OFFICE, and FREE-FLOW   )
PACKAGING INTERNATIONAL, INC.,            )
)
                              Defendants.   )
)
------------------------------------------------------------------------ x

**MEMORANDUM IN OPPOSITION TO**
**FPI'S OMNIBUS MOTION IN LIMINE**

Pregis Corporation ("Pregis") respectfully submits this memorandum in opposition to FPI's Omnibus Motion in Limine filed January 8, 2010.  The motion should be denied.

**I.    EXPERT TESTIMONY OF JOHN B. PEGRAM**

Pregis expects to call John B. Pegram as an expert witness on two general subject matter areas:  (i) the prosecution of asserted U.S. Patent Nos. 7,361,397 (the "Perkins 2008 Patent") and 7,536,837 B2 (the "Perkins 2009 Patent"), and (ii) whether Pregis has acted in an "objectively reckless" fashion in the face of FPI's assertions of alleged infringement.

    **A.    Expert Testimony on the Issue of "Objective Recklessness"**

FPI has seen fit to accuse Pregis of "willful" patent infringement.  Under Federal Circuit precedent, "proof of willful infringement permitting enhanced damages requires at least a showing of objective recklessness," in the form of "clear and convincing evidence that the

infringer acted despite an objectively high likelihood that its actions constituted infringement of a valid patent." *In re Seagate Tech.*, *LLC*, 497 F.3d 1360, 1371 (Fed. Cir. 2007). Under *Seagate*, the relevant inquiry is not into "[t]he state of mind of the accused infringer," but an inquiry into "objectively defined risk." *Id*.

Thus, as is routinely done in patent litigation, Mr. Pegram will address whether Pregis had objectively reasonable grounds for concluding that its actions in and subsequent to February 5, 2008, did not constitute patent infringement. This testimony is made relevant, necessary, and appropriate by virtue of FPI's claim of "willfulness." FPI makes no showing that Mr. Pegram is not qualified to address whether Pregis faced "an *objectively* high likelihood that its actions constituted infringement of a valid patent." 497 F.3d at 1371 (emphasis added). Assessing whether an alleged infringer's actions are "objectively reckless" requires specialized knowledge that lies outside the common experience of lay jurors.

As a person having specialized training and some 40 years of experience in advising on questions of patent validity and infringement, Mr. Pegram is eminently qualified to address the "objective recklessness" issue and to assist the jury in evaluating whether Pregis's conduct was "objectively reckless" in the circumstances. The Court will of course instruct the jury on what the law is, but the issue of whether a party's position amounts to "objective recklessness" clearly is one on which expert testimony will assist the trier of fact. FPI has made no showing that Mr. Pegram is not qualified by education, training, and experience to address the "objective recklessness" issue.

**B.     Testimony Concerning Patent Prosecution Activity**

The prosecution histories of the Perkins 2008 Patent and the Perkins 2009 Patent span some ten (10) years and are very complex. Expert testimony explaining what happened, when,

during the prosecution of these patents clearly will assist the trier of fact in understanding what the claimed invention are and are not. No claim is made, or could be made, that Pregis's expert is anything but fully qualified to present and explain the prosecution histories of the Perkins 2008 and 2009 Patents, to the extent that events that occurred during the prosecution of those patents are relevant to factual issues in this case.

For example, the parties vigorously dispute whether the accused Pregis machines draw film through a processing path that is "planar." In applying the Court's eventual construction of this term, it will be vital for the jury to hear such facts as (i) what the application for the Perkins 2009 Patent originally disclosed and claimed, (ii) what the application for the Perkins 2009 Patent was amended to disclose and claim during prosecution, and (iii) what FPI pointed to as support for the "planar path" limitation as distinguished from the "substantially planar path" language that was used in the application to characterize a path appearing in its original drawings. Presentation of these historical facts is best accomplished through the testimony of a qualified expert, such as Mr. Pegram, who can identify and explain the file history of the patent.

Similarly, the parties vigorously dispute whether cushion chambers in the accused Pregis "HC" film have a "side" that is "defined by" a "closed longitudinal edge of the film." Here again, in applying the Court's eventual construction of this term, it will be vital for the jury to hear such facts as (i) what the applicants for the Perkins 2008 Patent originally claimed as their invention, (ii) how the application for the Perkins 2008 Patent was amended during prosecution, and (iii) how the applicants distinguished their claimed inventions from prior art. Mr. Pegram is fully qualified to present these historical facts; FPI does not even argue otherwise.

FPI's characterization of Mr. Pegram as a "patent law expert" serves only to obscure the issues and the nature of his proposed testimony. Presenting and explaining the events

constituting the prosecution history of the Perkins 2009 Patent and the Perkins 2008 Patent is factual testimony, not "legal" testimony, and cannot rightly be excluded by characterizing Pregis's expert witness as a "patent law expert."

**EXPERT TESTIMONY CONCERNING FALSE STATEMENTS <u>MADE DURING THE PROSECUTION OF THE PATENTS-IN-SUIT</u>**

FPI's second motion *in limine* should be denied as moot because as FPI notes, Pregis has not asserted any "inequitable conduct" defense in this case.

**II.     <u>EVIDENCE CONCERNING INTERVENING RIGHTS</u>**

FPI in this case has attacked Pregis's entire installed base of thousands of air cushion machines, the majority of which were made and placed into service prior to February 5, 2008, the earliest of the patents-in-suit. Pregis contends that, as a matter of law, FPI cannot reasonably claim more than nominal damages on account of the continued use of machines that were lawfully made and placed into service prior to the issuance of the patents-in-suit. *See, e.g., Sontag Chain Stores Co. v. National Nut Co.*, 310 U.S. 281 *passim* (1940).

At the very least, in determining what is a "reasonable royalty," 35 U.S.C. § 284, a jury can consider the "reasonableness" of imposing retroactive liability on lawfully made and installed machines. A patentee in FPI's position cannot reasonably claim more damages by making late claims in continuation patents than it could have recovered if it had timely made these claims in earlier-issued patents.

**III.    <u>OPINIONS OF COUNSEL</u>**

As set forth in Part I.B, above, Pregis has identified John B. Pegram as an expert witness that will respond to FPI's contention that Pregis's continued use of the accused machines after February 5, 2008, was "objectively reckless" under the *Seagate* standard. Under the circumstances, FPI's fourth motion *in limine* makes no sense.

4

After *Seagate*, "[t]he state of mind of the accused infringer is not relevant to this objective inquiry." 497 F.3d at 1371. It is, thus, irrelevant that Pregis did not elect to waive privilege with respect to legal advice that it received in connection with FPI's pre-suit threats to sue for alleged patent infringement. The expert report of Mr. Pegram sets forth fully the grounds on which Pregis contends, in this case, its conduct was not "objectively reckless" for purposes of a "willful" infringement determination. FPI's suggestion that it has somehow been deprived of "discovery" of this information is unsupported and baseless.

### IV. UNIDENTIFIED "DEFENSES" THAT WERE NOT "PREVIOUSLY RAISED"

Pregis has no idea what "defenses" FPI may be referring to in its fifth motion *in limine*. This motion should be denied as unsupported and moot.

### V. TESTIMONY OF PIETER THEODORUS JOSEPH AQUARIUS

The record shows that one of the air cushion machine models marketed by FPI, the "EZ I" machine, was co-designed by Mr. Aquarius and imported by FPI from Mr. Aquarius's company, CPS. The record further shows that Mr. Aquarius is named as a co-inventor of a European patent describing the "EZ I" machine, but that a United States patent application for this machine was unsuccessful and eventually abandoned. Pregis contends that the "EZ I" machine is unpatented and in the public domain in the United States, and is thus subject to copying as a matter of law. *See, e.g., TrafFix Devices, Inc. v. Marketing Displays, Inc.*, 532 U.S. 23, 29 (2001); *Sears, Roebuck & Co. v. Stiffel Co.*, 376 U.S. 225, 231 (1964).

FPI in this case has asserted that Pregis's predecessor "copied" the unpatented "EZ I" machine, as if this assertion somehow tended to establish infringement or the non-obviousness of subject matter described and claimed in the patents-in-suit. The Aquarius testimony will tend to

show that FPI's "copying" allegation has no tendency to support either FPI's infringement contention or the validity of the patents-in-suit. *In re Merck & Co.*, 800 F.2d 1091, 1098 (Fed. Cir. 1986). The Aquarius testimony will also tend to show the skill level in the art and other facts relevant to the invalidity of the patents-in-suit under 35 U.S.C. § 103. Where, as here, multiple persons independently conceive of substantially the same subject matter following an exogenous market development (for example, new demand for air pillow packaging created by Internet sales of goods), that fact tends to support a conclusion that the subject matter was obvious.

FPI's assertion that Pregis has not asserted a so-called "derivation" defense is irrelevant. The Aquarius testimony is clearly relevant to the merits of FPI's own allegation of "copying" and the infringement and invalidity issues to which the "copying" allegation relates.

## VI. <u>TESTIMONY OF THOMAS D. WETSCH</u>

In support of Pregis's opening motion for summary judgment, Pregis submitted a declaration of Thomas D. Wetsch, its Vice President of Global Product Development, which identified Mr. Wetsch as a person skilled in the art and competent to address whether the claims of the patents-in-suit describe prior-art air cushion machines or trivial variants thereof. Mr. Wetsch was also Pregis's Rule 30(b)(6) designee on the issues of infringement and invalidity in this case.

FPI's seventh motion *in limine* seeks to preclude Mr. Wetsch from offering so-called "lay opinion testimony" on issues of infringement and invalidity in this case. FPI's motion is wholly unsupported. To the extent that Mr. Wetsch is shown at trial to be a person skilled in the art of the patents-in-suit, his testimony cannot rightly be excluded as "lay" "opinion" testimony. Mr. Wetsch is expected to address factual questions concerning differences between the claimed

subject matter in prior art, the level of skill in the art, and other matters addressed in his declaration and as to which FPI had a full and fair opportunity to cross-examine.

## VII. EXPERT REPORTS

Pregis has no idea what FPI may have in mind by its eighth motion *in limine*. This motion *in limine* should be denied as unsupported and moot.

## VIII. EXPERT TESTIMONY OF BRADFORD CORNELL

Pregis expert Bradford Cornell has provided a comprehensive report identifying the appropriate methodology to be used for determining what a rational actor would agree to pay as a royalty for use of a patented invention where non-infringing alternatives exist. Mr. Cornell has reserved the right to supplement his report based on what the proofs at trial may show with regard to the cost and feasibility of non-infringing alternatives.

On December 31, 2009, FPI served a supplemental expert report in which it addressed a modified Pregis air cushion machine that clearly does not fall within the claims of the patents-in-suit, as FPI and its technical expert defined those claims in its pretrial submissions between July 16, 2009, and at least January 11, 2010. There is simply no basis for FPI's apparent contention that Pregis's damages expert cannot apply his previously-disclosed methodology to what the testimony at trial may show is the next-best alternative to paying a royalty to FPI for use of its claimed inventions.

## IX. THE PREGIS '134 PATENT

Pregis's predecessor was awarded U.S. Patent No. 6,932,134 B2 for the Airspeed 5000 machine whose use is accused of infringement by FPI in this case. Under Supreme Court precedent, the grant of the '134 Patent creates a "presumption" that "there was a substantial difference between the inventions." *Kokomo Fence Mach. Co. v. Kitselman*, 189 U.S. 8, 23

(1903). Federal Circuit precedent similarly recognizes that "[t]he fact of separate patentability is relevant, and is entitled to due weight" on the issue of infringement. *Zygo Corp. v. Wyko Corp.*, 79 F.3d 1563, 1570 (Fed. Cir. 1996) (quoting *National Presto Indus., Inc. v. West Bend Co.*, 76 F.3d 1185, 1192 (Fed. Cir. 1996)). The '134 Patent further tends to refute FPI's assertion that the AirSpeed 5000 machine purportedly constitutes a "copy" of some machine that is described in the patents-in-suit.

FPI's blanket assertion that the '134 Patent has no bearing on the issue of infringement is simply erroneous, and an oversimplification. FPI's motion *in limine* on that point should be denied.

## X. DEPOSITION TESTIMONY OF FPI'S CEO AND PRINCIPAL OWNER, ARTHUR GRAHAM

On November 12, 2009, Pregis took the deposition of FPI by its CEO and Chairman of the Board, Arthur Graham. Under Federal Rule of Civil Procedure 32(a)(3), Pregis clearly can use Mr. Graham's deposition testimony "for any purpose." FPI's contrary suggestion is erroneous and baseless.

## XI. FPI COMMERCIAL PRODUCTS

As set forth in Part VI above, FPI has seen fit in this case to allege that certain FPI commercial products embody one or more of the patents-in-suit, and that Pregis's so-called "copying" of one of those products somehow supports FPI's contentions that the patents-in-suit are valid or infringed. Under the circumstances, FPI can hardly prevent Pregis from arguing that the configuration of FPI commercial products tends to show non-infringement. There is no categorical rule on this issue; the relevance of commercial products depends on whether and to what extent they do or do not embody a patented invention.

## XII. APA CLAIMS

Pregis agrees that its claims against the federal defendants under 5 U.S.C. § 702 should form no part of the jury phase of this case. That said, however, FPI goes too far in asserting that the Court should preclude Pregis from "making any reference to the USPTO 'unlawfully' issuing the FPI patents in suit or arguing that the USPTO's issuance of the patents in suit was 'arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law.'"

To the contrary, Pregis's invalidity defenses are premised on precisely such unlawful action by the PTO. FPI seeks to defend the patents-in-suit on grounds totally different from those that the PTO provided when it issued the patents-in-suit. This motion *in limine* is without merit and should be denied.

## XIII. OBJECTIONS TO DISCOVERY REQUESTS

Pregis agrees that the Court should rule on objections to written discovery requests or deposition questions before they are read to the jury.

## XIV. COMMENTING ON ABSENCE OF WITNESSES

The record shows that the claims of the patents-in-suit were written by FPI's patent counsel without the slightest consultation with any of the individuals in whose names those claims were filed. The timing of these claims, and the failure of the named inventors to affirm that they regarded these new claims as defining non-obvious subject matter, tend to support an inference that the named applicants never, in fact, regarded the claimed subject matter as an "invention" or non-obvious subject matter.

To the extent that FPI fails to call any of the purported "inventors" as witnesses at trial, that absence is a fit subject of comment by Pregis. *See, e.g.*, *United States v. Brooks*, 928 F.2d 1403, 1412 (4th Cir. 1991) (setting forth the general rule regarding the right to comment on the

absence of a "missing witness"); *United States v. Odom*, 1991 U.S. App. LEXIS 11805, 4-5 (4th Cir. June 11, 1991) ("[I]n a close case, it may be appropriate to allow a party to comment in argument on the significance of a witness's absence, even where there is insufficient evidence of unavailability to warrant a missing witness instruction.… [T]he judge did not abuse his discretion by permitting it [here]."); *United States v. Adler*, 48 Fed. Appx. 463, 466 (4th Cir. 2002) (case in which counsel was permitted to make a "missing-witness argument asking the jurors to draw an adverse inference from the government's failure to call" a witness). *See also Wigmore on Evidence* § 285, at 192 (Chadbourn ed., Little, Brown, and Co. 1979) ("The failure to bring before the tribunal some circumstance, document, or witness, when either the party himself or his opponent claims that the facts would thereby be elucidated, serves to indicate, as the most natural inference, that the party fears to do so; and this fear is some evidence that the … witness, if brought, would have exposed facts unfavorable to the party.") FPI was fully capable of deposing or otherwise arranging for the named "inventors" to support the claims that FPI's patent counsel saw fit to make. Its failure to do so speaks volumes.

## XV.  REFERENCE TO THIS MOTION *IN LIMINE*

Pregis agrees that objections to evidence are non-probative and do not constitute "evidence" admissible at trial. To the extent any order on this subject is considered appropriate, it should run in both directions as to all parties.

## XVI.  ENHANCED DAMAGES AND INJUNCTIVE RELIEF

Pregis agrees that FPI's prayers for costs and reasonable attorneys' fees should form no part of the jury phase of this case. Pregis disagrees, however, with FPI's suggestion that the jury should not be told that FPI seeks injunctive relief or trebled damages.

In correspondence shortly prior to the commencement of this action, FPI openly alluded to its intention to seek injunctive relief against Pregis.  The jury is entitled to know that FPI, in this case, seeks to adopt a position akin to that of a hostage-taker, with late claims made in late-issuing patents being asserted as a basis for extracting ransom from Pregis with respect to a large installed base of machines whose making and installation was lawful at the time.

## **CONCLUSION**

For the reasons set forth above, FPI's Omnibus Motion *in Limine* should be denied.

Dated:  January 20, 2010

FRIED, FRANK, HARRIS, SHRIVER
   & JACOBSON LLP

By:   /s/   Tommy P. Beaudreau
   Tommy P. Beaudreau (VA Bar # 41272)

1001 Pennsylvania Avenue N.W., Suite 800
Washington, D.C.  20004-2505
Telephone:  (202) 639-7000
Facsimile:  (202) 639-7003
Email:  tommy.beaudreau@friedfrank.com

James W. Dabney
Henry C. Lebowitz

One New York Plaza
New York, NY 10004-1980
Telephone:  (212) 859-8000
Facsimile:  (212) 859-4000

Attorneys for Plaintiff
Pregis Corporation

7541879

## CERTIFICATE OF SERVICE

I hereby certify that on the 20th day of January, 2010, I will electronically file the foregoing Memorandum in Opposition to FPI's Omnibus Motion In Limine with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

Bradley Charles Wright
Banner & Witcoff Ltd. (DC)
1100 13th St NW
Suite 1200
Washington, DC 20005-4051
(202) 824-3000
Email: bwright@bannerwitcoff.com

Attorney for Defendant
*Free-Flow Packaging International, Inc. a Delaware Corporation*

Dennis Carl Barghaan, Jr.
United States Attorney's Office
2100 Jamieson Ave
Alexandria, VA 22314
(703)299-3700
Email: dennis.barghaan@usdoj.gov

Attorney for Defendants
*John J. Doll in his official capacity as Acting Undersecretary*
*of commerce for Intellectual Property and Acting*
*Director of the United States Patent and*
*Trademark Office and United States*
*Patent and Trademark Office*

By:    /s/   Tommy P. Beaudreau
    Tommy P. Beaudreau (VA Bar # 41272)

Attorneys for Plaintiff Pregis Corporation
FRIED, FRANK, HARRIS, SHRIVER &
JACOBSON LLP
1001 Pennsylvania Avenue N.W.
Washington, D.C. 20004-2505
Phone: (202) 639-7000
Facsimile: (202) 639-7003
tommy.beaudreau@friedfrank.com

7547869