IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| Pregis Corporation, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:09cv467(GBL) |
| ) | |
| John J. Doll, ) | |
| ) | |
| Acting Under Secretary ) | |
| for Commerce for ) | |
| Intellectual Property ) | |
| and Acting Director of ) | |
| the United States Patent ) | |
| and Trademark Office, ) | |
| and ) | |
| ) | |
| Free-Flow Packaging ) | |
| International, Inc., ) | |
| ) | |
| Defendants. ) | |

### ORDER

THIS MATTER is before the Court on Defendant Free-Flow Packaging International, Inc.'s ("FPI") Omnibus Motion *in Limine* (Dkt. No. 144). For the reasons stated in open court on Friday, January 22, 2010, it is hereby

ORDERED that Motion *in Limine* #1 is GRANTED as to testimony by any patent law experts. It is further

ORDERED that Motion *in Limine* #2 is GRANTED. It is further

ORDERED that Motion *in Limine* #3 is GRANTED. It is further

ORDERED that Motion *in Limine* #4 is GRANTED. It is further

ORDERED that Motion *in Limine* #5 is DENIED WITHOUT PREJUDICE because FPI fails to identify any specific evidence that it seeks

to exclude.  Objections to specific evidence may be made at trial.  It is further

ORDERED that Motion *in Limine* #6 is GRANTED because Pregis insufficiently disclosed the proposed testimony of Mr. Aquarius.  It is further

ORDERED that Motion *in Limine* #7 is DENIED to the extent that it seeks to exclude the testimony of Mr. Wetsch.  The Motion is DENIED WITHOUT PREJUDICE as to any other lay witness.  Objections to specific lay opinion testimony may be made at trial.  It is further

ORDERED that Motion *in Limine* #8 is DENIED WITHOUT PREJUDICE because FPI fails to identify specific expert testimony that goes beyond the scope of Pregis's Federal Rule of Civil Procedure 26(a)(2)(B) expert reports.  Objections to specific expert testimony may be made at trial.  It is further

ORDERED that Motion *in Limine* #9 is GRANTED to the extent that Pregis's damages expert, Mr. Bradford Cornell, attempts to offer opinion testimony outside the scope of his expert report and deposition.  It is further

ORDERED that Motion *in Limine* #10 is GRANTED because Pregis it not permitted to compare the accused devices to FPI products as evidence of non-infringement.  Pregis is permitted to compare the accused devices to the patent claims.  It is further

ORDERED that Motion *in Limine* #11 is GRANTED because

2

evidence and testimony regarding the AirSpeed 5000 machine would infringe a patent not in suit is either not relevant under Federal Rule of Evidence 402 or likely to confuse the jury under Federal Rule of Evidence 403. It is further

ORDERED that Motion *in Limine* #12 is GRANTED because Pregis it not permitted to compare the accused devices to FPI products as evidence of non-infringement. Pregis is, however, permitted to compare the accused devices to the patent claims. It is further

ORDERED that Motion *in Limine* #13 is GRANTED as unopposed. It is further

ORDERED that Motion *in Limine* #14 is GRANTED as unopposed. It is further

ORDERED that Motion *in Limine* #15 is GRANTED. It is further

ORDERED that Motion *in Limine* #16 is GRANTED. It is further

ORDERED that Motion *in Limine* #17 is GRANTED.

The Clerk is directed to forward a copy of this Order to counsel.

Entered this 27th day of April, 2010.

/s/
Gerald Bruce Lee
United States District Judge

Alexandria, Virginia