```
         IN THE UNITED STATES DISTRICT COURT
         FOR THE EASTERN DISTRICT OF VIRGINIA
                  ALEXANDRIA DIVISION
```

Pregis Corporation,            )
                               )
    Plaintiff,                 )
                               )
v.                             )   Case No. 1:09cv467(GBL)
                               )
John J. Doll,                  )
                               )
    Acting Under Secretary     )
    for Commerce for           )
    Intellectual Property      )
    and Acting Director of     )
    the United States Patent   )
    and Trademark Office,      )
    et al.,                    )
                               )
    Defendants.                )

## MEMORANDUM ORDER

THIS MATTER is before the Court on Defendant Free-Flow Packaging International, Inc.'s:

1. Renewed Motion for Judgment as a Matter of Law of Infringement and, in the Alternative, for a New Trial (Dkt. No. 341);

2. Renewed Motion for Judgment as a Matter of Law of Willful Infringement and, in the Alternative, for a New Trial (Dkt. No. 343);

3. Renewed Motion for Judgment as a Matter of Law of Patent Validity and, in the Alternative, for a New Trial on Patent Validity (Dkt. No. 342); and

4. Renewed Motion for Judgment as a Matter of Law on Damages and, in the Alternative, for a New Trial (Dkt. No. 344).

This case concerns Plaintiff Pregis Corporation's ("Pregis") action against Free-Flow Packaging International, Inc. ("FPI") for a declaratory judgment of noninfringement based on its

allegation that four of FPI's patents are wholly or partially invalid and FPI's counterclaims alleging infringement of these patents. On February 4, 2010, the Court heard and took under advisement FPI's oral motions for judgment as a matter of law. (Dkt. No. 251.) On March 18, 2010, the jury returned a verdict for Pregis, finding infringement of only one of the asserted claims, finding the infringed asserted claim and others invalid for obviousness, and awarding no damages to FPI. (Dkt. No. 322.) On March 18, 2010, FPI orally renewed its motions for judgment as a matter of law (Dkt. No. 321) and again renewed its motions after entry of judgment (Dkt. Nos. 341-44). FPI now seeks judgment as a matter of law as to infringement, willful infringement, validity, and damages.

There are six issues before the Court. The first issue is whether FPI is entitled to judgment as a matter of law that the accused Pregis machines literally infringe Claims 1, 3, and 4 of the Fuss '377 Patent and Claims 4, 6, and 7 of the Fuss '904 Patent where the asserted claims recite a "block [that] has a source of heat" and the accused machines include a block with a heating element attached to the block. The second issue is whether FPI is entitled to judgment as a matter of law that the accused machines literally infringe Claims 1-3 and 5-14 of the Perkins '837 Patent where the asserted claims recite a machine that causes plastic film to be drawn "through inflation, sealing

and slitting mechanisms in a planar path" and the accused machines hold the edge of the film as it passes through the mechanisms, leaving the remainder of the film unsupported as it travels through the machine. The third issue is whether FPI is entitled to judgment as a matter of law that the Pregis AirSpeed HC film includes the equivalent of a "closed longitudinal edge" and thus infringes Claims 1, 2, and 4 of the Perkins '397 Patent where the side opposite the fourth side on the accused film is closed by a heat seal and has an unsealed skirt at the film margin. The fourth issue is whether whether FPI is entitled to judgment as a matter of law that Pregis willfully infringed the Fuss '377 and Perkins '397 Patents. The fifth issue is whether substantial evidence exists to support the jury's conclusion that the Fuss '377, Fuss '904, and Perkins '837 Patents are invalid for obviousness. The sixth issue is whether Pregis is entitled to an award of damages as a matter of law.

The Court denies FPI's renewed motions for judgment as a matter of law for four reasons. As to infringement, the Court finds that the jury could have reasonably concluded that: 1) a block with an external heating element attached to it is not a "block [that] has a source of heat" within the meaning of the asserted claims; 2) the accused machines draw the edge of the film through the mechanisms in a "linear" path at best, instead of drawing the entire film through the mechanisms in a "planar"

path as recited by the asserted claims; and 3) a heat seal is not equivalent to a "closed longitudinal edge" because it does not perform substantially the same function in substantially the same way to achieve substantially the same result. As to willful infringement, the Court finds that FPI is not entitled to judgment as a matter of law because the jury reasonably concluded that the accused machines did not infringe the Fuss '377 and Perkins '397 Patents. As to validity, the Court finds that substantial evidence was presented at trial to support the jury's determination that the Fuss '377, Fuss '904, and Perkins '837 Patents are invalid for obviousness. The Court denies as moot FPI's renewed motion on damages.

## I. BACKGROUND

The facts of this case are addressed briefly here and more thoroughly in the Court's March 16, 2010, Memorandum Opinion. Pregis and FPI are competitors in the air-filled packing cushion business. In October 2005, Pregis acquired Pactiv Corporation's ("Pactiv") protective packing business and renamed the Pactiv 5000 machines AirSpeed 5000. Prior to the acquisition, Pactiv and FPI had entered into a Settlement Agreement and Release (the "FPI-Pactiv Agreement") whereby the parties agreed that Pactiv was not liable to FPI for infringement of any existing claims of the patents-in-suit or any substantially identical claims that might be included in any reissue patents. The parties further

agreed that FPI would not assert liability for the making, selling, or using of any Pactiv product that would infringe the existing claims of the patents and would release Pactiv and its customers, dealers, suppliers, distributors, and users from any claim, obligation, or liability, whether past, present, or future, for all damage sustained by FPI as a result of Pactiv's alleged infringement of the patents. After Pregis's acquisition of Pactiv's business, FPI offered to license the Fuss '377, Fuss '904, Perkins '837, and Perkins '397 Patents to Pregis without success.

On April 29, 2009, Pregis brought this action seeking a declaratory judgment of noninfringement based on its allegation that these patents are wholly or partially invalid. In response, FPI filed counterclaims against Pregis for infringement of these patents. On March 18, 2010, after eleven days of deliberation, the jury returned a verdict for Pregis, finding: 1) infringement only as to Claim 10 of the Fuss '904 Patent; 2) no willful infringement; and 3) the asserted claims of the Fuss '307, Fuss '904, and Perkins '837 Patents invalid for obviousness. On April 27, 2010, the Clerk entered judgment. FPI now renews its motion for judgment as a matter of law as to infringement, willful infringement, validity, and damages.

## II. STANDARD OF REVIEW

A. <u>Judgment as a Matter of Law</u>

Pursuant to Federal Rule of Civil Procedure 50(a), the entry of judgment as a matter of law, prior to the submission of the case to the jury, is appropriate when a "party has been fully heard on an issue and there is no legally sufficient evidentiary basis for a reasonable jury to find for that party on that issue." FED. R. CIV. P. 50(a)(1). A renewed motion for judgment as a matter of law pursuant to Rule 50(b) is governed by this same standard, and questions whether a jury could have properly reached the conclusion reached by this jury. *See Dennis v. Columbia Colleton Med. Ctr., Inc.*, 290 F.3d 639, 644 (4th Cir. 2002). To determine whether to grant a motion for judgment as a matter of law, a court "must examine the evidence in the light most favorable to the non-moving party" and determine "whether a reasonable trier of fact could draw only one conclusion from the evidence." *See Brown v. CSX Transp., Inc.*, 18 F.3d 245, 248 (4th Cir. 1994) (*quoting Townley v. Norfolk & W. Ry., Co.*, 887 F2d 498, 499 (4th Cir. 1989)).

B. <u>New Trial</u>

Federal Rule of Civil Procedure 59 governs a motion for a new trial and expressly provides that a court may on motion, grant a new trial to any party on all or some of the issues "after a jury trial, for any reason for which a new trial has heretofore been granted in an action at law in federal court." FED. R. CIV. P. 59(a). Trial courts thus have broad discretion in deciding whether to grant or deny a motion for new trial. *See, e.g., Allied Chem. v. Daiflon, Inc.*, 449 U.S. 33, 36 (1980). In considering a motion for a new trial, the court may weigh the evidence presented at trial, and also may consider the credibility of the witnesses. *See, e.g., Cline v. Wal-Mart Stores, Inc.*, 144 F.3d 294, 301 (4th Cir. 1998). Accordingly, upon a motion for a new trial, a trial court may set aside the jury verdict, even if it is supported by substantial evidence, if the verdict is against the clear weight of the evidence or based on false evidence, or if a new trial is needed to prevent a clear miscarriage of justice. *See, e.g., Dennis*, 290 F.3d at 650.

III. ANALYSIS

The Court denies FPI's renewed motions for judgment as a matter of law. First, the Court denies FPI's renewed motion as to infringement because a reasonable jury could and did conclude that the accused devices did not infringe the patents-in-suit. Second, the Court denies FPI's renewed motion as to willful infringement because the jury reasonably concluded that the accused machines did not infringe the Fuss '377 and Perkins '397 Patents. As to validity, the Court finds that substantial evidence exists that the Fuss '377, Fuss '904, and Perkins '837 Patents are invalid for obviousness. The Court denies as moot FPI's renewed motion on damages.

A. Infringement

The Court denies FPI's renewed motion for judgment as a matter of law as to infringement because a reasonable jury could conclude that the accused devices did not infringe the patents-in-suit. FPI makes three arguments as to why it is entitled to a judgment of infringement as a matter of law. First, FPI argues that no reasonable jury could conclude that the accused devices did not infringe Claims 1, 3, and 4 of the Fuss '377 Patent and Claims 4, 6, and 7 of the Fuss '904 Patent because the AirSpeed SMART v. 1 and AirSpeed 5000 machines include a block with a source of heat attached to the block and therefore include a "block [that] has a source of heat." Second, FPI argues that no

reasonable jury could conclude that the accused devices did not infringe Claims 1-3 and 5-14 of the Perkins '837 Patent because the accused devices undoubtedly cause the plastic film to be drawn "through the inflation, sealing and slitting mechanisms in a planar path"; the claims do not require that the path be *precisely* planar or that the film be *maintained* in a planar path. Third, FPI argues the Court should enter judgment as a matter of law that Pregis has infringed Claims 1, 2, and 4 of the Perkins '397 Patent under the doctrine of equivalents because the heat seal a few millimeters from the edge of Pregis's AirSpeed HC film performs substantially the same function in substantially the same way to achieve substantially the same result as that achieved by a closed longitudinal edge. Alternatively, FPI argues that the Court should grant FPI a new trial on the issue of infringement because the jury's verdict was plainly against the clear weight of the evidence. The Court rejects each argument in turn.

First, the Court finds that FPI is not entitled to judgment as a matter of law of infringement of Claims 1, 3, and 4 of the Fuss '377 Patent and Claims 4, 6, and 7 of the Fuss '904 Patent because a reasonable jury could conclude that the accused devices do not include a "block [that] has a source of heat" since the accused devices have no block which itself creates heat. At trial, the Court instructed the jury to apply the plain meaning

of the term "block." FPI argues that the accused machines necessarily infringe the asserted claims because they include a block with a heat source attached. However, as to the AirSpeed 5000, Pregis's expert, Dr. Eric Maslen, testified at trial that structures 122 and 124 are blocks, "but they don't have a source of heat." (Trial Tr. Feb. 2, 2010, 272:13-16.) When asked how he could be sure, Dr. Maslen testified that the blocks would be hot if they had a source of heat, but that 122 and 124 perform no heating function, instead acting only as support structures. (Trial Tr. Feb. 2, 2010, 272:18-273:11.) As to the SMART machines, Dr. Maslen further testified that the "'block' of plastic supports [the heating] wire, but it is not the source of heat. The heat is formed in the wire and it's transferred directly to the belt. This plastic is not meant to get hot." (Trial. Tr. Feb. 2, 2010, 277:6-15.) Mr. Wetsch provided similar testimony, stating that structures 122 and 124 of the AirSpeed 5000 perform no heating function (Trial Tr. Feb. 4, 2010, 888:25-889:9) and that the SMART machines contain a block that performs an insulating function, not a heating function analogous to that shown in figure 13 of the Fuss Patents (Trial Tr. Feb. 4, 2010, 904:17-905:17). Based on this testimony, an examination of the patents themselves, and the jury's personal observation of the accused machines in operation, the jury could reasonably conclude

that the accused machines did not infringe the asserted claims.

Second, the Court finds that FPI is not entitled to judgment as a matter of law of infringement of Claims 1-3 and 5-14 of the Perkins '837 Patent because a reasonable jury could conclude that the accused machines draw the film through a linear path at best, not a planar path as recited by the asserted claims. At trial, Dr. Maslen testified that it did not make sense to refer to the portion of the film in the machine as traveling a planar path because

> [t]he problem is that if I don't talk about the gross geometry of the film, then I don't have a way to define "planar," which is a two-dimensional concept. If I only consider the narrow strip of film that's passing in contact with the sealing units and inflation units, it's a strip. It's a line. I can call it a linear path, but I wouldn't be able to call it a planar path.

(Trial. Tr. Feb. 2, 2010, 478:23-479:6.) He further testified that, even if considering only the portion of the film actually drawn through the machines, the accused machines failed to draw the film through the inflation, slitting and sealing mechanisms in a planar path because "[t]here's a short, flat section, and then a part wrapped around a tube. I see no plane there." (Trial Tr. Feb. 3, 2010, 527:5-9.) The Court finds that the jury could have reasonably credited Dr. Maslen's testimony.

Third, the Court finds that FPI is not entitled to judgment as a matter of law of infringement of Claims 1, 2, and 4 of the

11

Perkins '397 Patent under the doctrine of equivalents because, in considering the evidence presented at trial, the jury could have reasonably concluded that the heat seal found in the AirSpeed HC film is substantially different from a closed longitudinal edge recited by Perkins '397 in that it offers advantages both in the manufacturing and use of the film.  Dr. Maslen testified at trial that a heat seal offers distinct advantages over the closed longitudinal edge during the manufacturing process.  (Trial Tr. Feb. 3, 2010, 565:2-21.)  He testified that this difference impacted both "the commercial cost and feasibility of manufacture of the film."  (Trial Tr. Feb. 3, 2010, 565:23-25.)  Mr. Thomas Wetsch also testified about the benefits the open skirt of the AirSpeed HC film offered the consumer.  He testified that the open skirt allows commercial users of the film to tear the film more easily as it is dispensed from the machine.  (Trial Tr. Feb. 24, 2010, 2486:19-2487:7.)  He further testified that the skirt facilitated inflation of the film and that the wider the skirt the greater the benefit to product winding.  (Trial Tr. Feb. 24, 2010, 2487:7-2488:19.)  Viewing the evidence in the light most favorable to Pregis, the Court finds that the jury could have credited this testimony and reasonably concluded that a heat seal is not equivalent to a closed longitudinal edge.  Accordingly, the Court denies FPI's renewed motion for judgment as a matter of law of infringement.

## B. Willful Infringement

The Court denies as moot FPI's renewed motion for judgment as a matter of law as to willful infringement because, as mentioned above, the jury reasonably concluded that the accused devices do not infringe the patents-in-suit. FPI moves the Court to enter judgment as a matter of law that Pregis willfully infringed asserted Claims 1, 3, and 4 of the Fuss '377 Patent and Claims 1, 2, and 4 of the Perkins '397 Patent. FPI argues that the Court may enter judgment as a matter of law as to willful infringement despite Pregis's noninfringement and invalidity arguments because defenses raised during litigation do not defeat a charge of willful infringement for prelitigation conduct. FPI argues that Pregis's prelitigation conduct is more than sufficient to support a finding that Pregis acted despite the objectively high risk of infringement, and that Pregis is guilty of willful infringement. The Court rejects these arguments because the jury reasonably concluded that the accused machines did not infringe the asserted claims. Thus, FPI's renewed motion as to willful infringement is denied.

C. <u>Validity</u>

The Court denies FPI's renewed motion as to validity of the asserted claims of the Fuss '377, Fuss '904, and Perkins '837 Patents because substantial evidence exists to support a finding of obviousness as stated by Pregis in its brief in opposition. The law presumes the jury made the findings necessary to support its verdict, and the required findings are controlled by the court's instructions to the jury." *DMI, Inc. v. Deere & Co.*, 802 F.2d 421, 425 (Fed. Cir. 1986). Where a question of law is submitted to the jury, the underlying factual findings are reviewed to determine whether they are supported by substantial evidence. *Upjohn Co. V. MOVA Pharm. Corp.*, 225 F.3d 1306, 1310 (Fed. Cir. 2000.)

Here, the Court adopted FPI's proposed jury instructions as to obviousness in large part. Those instructions thoroughly informed the jury as to how obviousness determinations are made. The Court also adopted FPI's proposed verdict form, which simply required the jury to mark "yes" or "no" as to whether each of the asserted claims is invalid for obviousness. Although the precise reasons for the jury's obviousness determination are unknown to the Court, the Court finds substantial evidence to support invalidity for obviousness. As discussed at length by Pregis in pages five through eighteen of its brief in opposition, the jury heard significant testimony as to why the claimed inventions

would have been obvious to one skilled in the art. The jury likewise considered evidence as to why the claimed inventions were mere predictable variations of known prior art. The Court finds that substantial evidence exists to prove the patents invalid for obviousness.

D. Damages

The Court denies as moot FPI's renewed motion for judgment as a matter of law on damages. As noted above, the Court finds that a reasonable jury could find in favor of Pregis on the issues of infringement and validity. Therefore, FPI is entitled to neither a new trial nor judgment as a matter of law on the issue of damages.

IV. CONCLUSION

The Court denies FPI's renewed motions for judgment as a matter of law on the issues of validity, infringement, willful infringement, and damages. The Court denies FPI's renewed motion as to infringement because a reasonable jury could and did conclude that the accused devices did not infringe the patents-in-suit. The Court denies FPI's renewed motion as to willful infringement because the jury reasonably concluded that the accused machines did not infringe the Fuss '377 and Perkins '397 Patents. As to validity, the Court finds that substantial evidence exists that the Fuss '377, Fuss '904, and Perkins '837 Patents are invalid for obviousness. The Court denies as moot

FPI's renewed motion on damages.  The Court also denies FPI's motion for a new trial as to each of the issues because the jury properly considered the evidence and reached a just verdict.  Accordingly, it is hereby

ORDERED that FPI's Renewed Motion for Judgment as a Matter of Law of Infringement and, in the Alternative, for a New Trial (Dkt. No. 341) is DENIED.  It is further

ORDERED that FPI's Renewed Motion for Judgment as a Matter of Law of Willful Infringement and, in the Alternative, for a New Trial (Dkt. No. 343) is DENIED AS MOOT.  It is further

ORDERED that FPI's Renewed Motion for Judgment as a Matter of Law of Patent Validity and, in the Alternative, for a New Trial on Patent Validity (Dkt. No. 342) is DENIED.  It is further

ORDERED that FPI's Renewed Motion for Judgment as a Matter of Law on Damages and, in the Alternative, for a New Trial (Dkt. No. 344) is DENIED AS MOOT.

The Clerk is directed to forward a copy of this Order to counsel.

Entered this 10th day of August, 2010.

Alexandria, Virginia

/s/
Gerald Bruce Lee
United States District Judge

/s/
Gerald Bruce Lee
United States District Judge